**Mattie T. MORRIS and Joseph K. Morris, Appellants**

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellee**

NO. 14-16-00354-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed July 18, 2017

Robert C. Lane, Anh Thu N. Dinh, Houston, TX, for appellants.

Brett Schouest, San Antonio, TX, Adam Nunnallee, Dallas, TX, for appellee.

Panel consists of Justices Christopher, Brown, and Wise.

## OPINION

Ken Wise, Justice

This case involves a home-equity loan encumbering the appellants' homestead with a lien created by a constitutionally noncompliant deed of trust. When the appellants defaulted on the loan, the lender sold their home at a non-judicial foreclosure sale and evicted the appellants. The appellants appeal the trial court's summary judgment dismissing their claims against the lender, arguing that the Supreme Court of Texas's recent decision in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016), compels a reversal. For the reasons explained below, we affirm in part, reverse in part, and remand.

### BACKGROUND

Mattie T. Morris and Joseph K. Morris owned a home at 621 Double Ridge Crossing, Missouri City, Fort Bend County, Texas (the Property). In 2004, the Morrises refinanced the Property by obtaining a home-equity loan from Long Beach Mortgage Company. In January 2006, the Morrises again refinanced the home-equity loan with PHM Financial Incorporated (PHM). PHM was aware that the Property was the Morrises' homestead because Mattie Morris executed a Homestead Affidavit and provided it to PHM.

PHM's loan was secured by a lien and deed of trust that did not contain the provisions required by Section 50(a)(6) of the Texas Constitution for home-equity loans. In fact, the deed of trust expressly provided:

28. Loan Not a Home Equity Loan. The Loan evidence by the Note is not an extension of credit as defined by Section 50(a)(6) of Section 50(a)(7), Article XVI, of the Texas Constitution. . . .

The deed of trust also provided that, on appropriate notice and opportunity to cure, the lender could sell the Property through a non-judicial foreclosure proceeding.

It is undisputed that, because the loan with PHM was a refinance of a home-equity loan, it should likewise have been a

home-equity loan that complied with the requirements of the Texas Constitution, Article XVI, Section 50(a)(6).

The loan was assigned to several different entities over the years. Deutsche Bank National Trust Company (the Bank) was assigned the loan documents in December 2010. The Morrises failed to make payments, and in July 2012, the Bank notified the Morrises that it would sell their home the next month in a foreclosure sale. The Property was sold to the Bank at a non-judicial foreclosure sale on August 7, 2012, for $659,900.89. The Bank also evicted the Morrises.

The Morrises sued the Bank in December 2012. Initially, the Morrises alleged that the Bank wrongfully conducted a foreclosure sale of the Property without proper notice to them. The Morrises later amended their petition to assert that the Bank wrongfully foreclosed on the Property based on an invalid home-equity lien that failed to comply with the Texas Constitution, Article XVI, section 50(a)(6). The Morrises' claims included "Violation of the Texas Constitution Article XVI, §§ 50(a)(6)"; "Improper Foreclosure Without a Court Order in violation of TEX. CONST. art. XVI, § 50(a)(6)(D)"; "Slander of Title/Wrongful Eviction"; conversion of personal property and theft; and declaratory judgment.

In late 2015, the Bank filed a traditional and no-evidence summary judgment motion challenging the claims made in the Morrises' fifth amended petition. The Bank's primary argument was that the Morrises' claims were barred by the statute of limitations.

The Morrises then filed a sixth amended petition, dropping some claims against the Bank and adding others. The added claims were "Plaintiffs' Homestead was Protected from Forced Sale Because the Lien Did Not Fall into any Category under Section 50(a) of the Texas Constitution"; "Violation of the Texas Constitution Article XVI, §§ 50(a)(6)(D)"; "Broken Chain of Title"; wrongful foreclosure; and trespass. The Morrises also maintained their claims for slander of title/wrongful eviction, conversion of personal property, and declaratory judgment. The Bank responded with a supplement to its motion for summary judgment addressing the new claims.

On March 25, 2016, the trial court signed an "Order and Judgment" granting summary judgment in favor of the Bank. The court found that the Morrises "cannot sustain any cause of action based upon allegations that (1) Defendant violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in Plaintiff's Home Equity Note or Deed of Trust; or (3) Defendant lacked standing or authority to foreclose." The trial court additionally addressed each of the Morrises' claims in separate paragraphs as follows:

Summary judgment is GRANTED with regard to the cause of action titled "Plaintiffs' Homestead was Protected from Forced Sale Because the Lien Did Not Fall Into Any Category Under Section 50(a) of the Texas Constitution," and such cause of action is dismissed with prejudice.

Summary judgment is GRANTED with regard to the cause of action titled "Violation of the Texas Constitution Article XVI, §§ 50(a)(6)(D)," and such cause of action is dismissed with prejudice;

Summary judgment is GRANTED with regard to the cause of action titled "Slander of Title/Wrongful Eviction," and such cause of action is dismissed with prejudice;

Summary judgment is GRANTED with regard to the cause of action titled "Request for Declaratory Judgment,"

and such cause of action is dismissed with prejudice, as no controversy exists as to whether Defendant violated Texas Constitution Article XVI, § 50(a)(6) or to whether Defendant had standing or authority to foreclose the Deed of Trust secured against the real property located at 621 Double Ridge Crossing, Missouri City, Texas 77459.

Summary judgment is GRANTED IN PART with regard to the cause of action titled "Broken Chain of Title" to the extent the cause of action is based upon allegations that (1) Defendant violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in Plaintiff's Home Equity Note or Deed of Trust; or (3) Defendant lacked standing or authority to foreclose, and any such cause of action is dismissed with prejudice. Otherwise, summary judgment is denied as to this claim and cause of action.

Summary judgment is GRANTED IN PART with regard to the cause of action titled "Wrongful Foreclosure" to the extent the cause of action is based upon allegations that (1) Defendant violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in Plaintiff's Home Equity Note or Deed of Trust; or (3) Defendant lacked standing or authority to foreclose, and any such cause of action is dismissed with prejudice. Otherwise, summary judgment is denied as to this claim and cause of action.

Summary judgment is GRANTED IN PART with regard to the cause of action titled "Trespass" to the extent the cause of action is based upon allegations that (1) Defendant violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect

exists in Plaintiff's Home Equity Note or Deed of Trust; or (3) Defendant lacked standing or authority to foreclose, and any such cause of action is dismissed with prejudice. Otherwise, summary judgment is denied as to this claim and cause of action.

Summary judgment is GRANTED IN PART with regard to the cause of action titled "Conversion of Personal Property and Theft" to the extent the cause of action is based upon allegations that (1) Defendant violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in Plaintiff's Home Equity Note or Deed of Trust; or (3) Defendant lacked standing or authority to foreclose, and any such cause of action is dismissed with prejudice. Otherwise, summary judgment is denied as to this claim and cause of action.

This appeal ensued.

While the case was on appeal, the Supreme Court of Texas announced their decision in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 543 (Tex. 2016), in which the court held that "liens securing constitutionally noncompliant home-equity loans are invalid until cured and thus not subject to any statute of limitations."

ISSUES AND ANALYSIS

The Morrises raise five issues on appeal, contending that in light of the *Wood* decision, the trial court erred in granting summary judgment dismissing their claims of foreclosure in violation of the Texas Constitution, wrongful foreclosure, declaratory judgment, trespass, conversion, and theft, in whole or in part to the extent the judgment is based on the Bank's statute of limitations argument.[1] Before we address the Morrises' issues, however, we must

---

**1.** The Morrises do not appeal the dismissal of their claims for slander of title/wrongful evic-

tion and broken chain of title.

first address our jurisdiction by examining whether a final judgment exists that may be appealed.

## Jurisdiction

■ "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order issued without a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court, or (2) states with unmistakable clarity that it is a final judgment. *Id.* at 192–93. Granting a final judgment that does not address all claims "makes the order reversible, but not interlocutory." *Id.* at 204. More recently, the high court reaffirmed that a summary judgment was final and appealable, even though it did not dispose of the plaintiff's claims against one of the defendants, when the last two sentences of the trial court's judgment stated: "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in the cause of action and is therefore FINAL." *See In re Daredia*, 317 S.W.3d 247, 248–49 (Tex. 2010) (per curiam).

■ The trial court's judgment in this case reflected that summary judgment was "GRANTED" as to four of the Morrises' claims, but as to four others, summary judgment was "GRANTED IN PART" and was otherwise denied. The partial grants of summary judgment suggest that some aspects of those claims remained pending. Nonetheless, the last sentence of the judgment stated: "This order disposes of all parties and all claims in this action and constitutes a final judgment for all purposes including appeal." Nothing in the record indicates that the trial court considered its judgment to be anything other than a final judgment. As in *Daredia*, we

conclude that this sentence states with "unmistakable clarity" that the trial court intended to make the judgment final and appealable. *See Daredia*, 317 S.W.3d at 248–49; *Lehmann*, 39 S.W.3d at 205.

## Standards of Review

■ We review the trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). In reviewing either a no-evidence or a traditional summary judgment motion, we take as true all evidence favorable to the non-movant and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Navy v. Coll. of the Mainland*, 407 S.W.3d 893, 898 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

■ A motion for no-evidence summary judgment is essentially a motion for a pretrial directed verdict. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. Tex. R. Civ. P. 166a(i). A motion for no-evidence summary judgment must be granted if (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof on at trial, and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See id.*; *Navy*, 407 S.W.3d at 898.

In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

## I. Plaintiffs' Claim that Their Homestead was Protected from Forced Sale

In their first issue, the Morrises argue that the Bank admitted that the loan, as a refinance of a Texas home-equity loan, was required to—but did not—comply with the requirements of Texas Constitution, Article XVI, section 50(a)(6). *See* Tex. Const. art. XVI, § 50(f) (providing that a refinance of a home-equity loan on a homestead "may not be secured by a valid lien against the homestead unless the refinance of the debt is an extension of credit described by Subsection (a) or (a)(7) of this section"). Consequently, the Morrises maintain that the foreclosure on their homestead was unlawful, and based on the supreme court's *Wood* opinion, the trial court erred in granting summary judgment for the Bank based on the application of the statute of limitations. *See* 505 S.W.3d at 544.

"The Texas Constitution allows a home-equity lender to foreclose on a homestead only if the underlying loan includes specific terms and conditions." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 475 (Tex. 2016); *see* Tex. Const. art. XVI, § 50(a)(6) (providing that "[t]he homestead of a family ... *shall be,* and is hereby *protected from forced sale,* for the payment of all debts except for ... an extension of credit that [complies with the requirements of Tex. Const. art. XVI, § 50(a)(6) ]") (emphasis added). In their sixth amended petition, the Morrises claim that their homestead was constitutionally protected from a forced sale because the lien created by the deed of trust did not fall into any exception to that protection. *See* Tex. Const. art. XVI, § 50(a).[2]

The Bank did not dispute the Morrises' contention that the loan failed to comply with section 50(a)(6). Instead, the Bank sought summary judgment on the Morrises' "constitutional claims" collectively on the grounds that they were barred by the statute of limitations because the lawsuit was filed more than four years after the Morrises executed the note and deed of trust in connection with their loan. The Bank relied on a line of cases including *Wood v. HSBC Bank USA, N.A.*, in which this court held that homestead liens that do not comply with constitutional requirements were voidable, rather than void, and therefore a homeowner's claims against a lender and loan servicer based on a constitutionally noncompliant lien were subject to the residual four-year statute of limitations found in Texas Civil Practice and Remedies Code section 16.051. *See* 439

2. Section 50(a) provides that "[t]he homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for" (1) all or part of the purchase money for the homestead; (2) taxes due on the homestead; (3) an owelty of partition imposed against the entirety of the property; (4) the refinance of a lien against a homestead; (5) work and material used in constructing new improvements on the homestead; (6) an extension of credit that complies with the listed constitutional prerequisites for a home-equity loan; (7) a reverse mortgage; and (8) the conversion and refinance of a personal property lien secured by a manufactured home to a lien on real property. *See* Tex. Const. art. XVI, § 50(a)(1)–(8).

S.W.3d 585, 592 (Tex. App.—Houston [14th Dist.] 2014), *rev'd*, 505 S.W.3d 542 (Tex. 2016).

While the appeal in the Morrises' case was pending, the supreme court reversed this court's holding that constitutionally noncompliant home-equity liens are merely voidable and thus subject to the four-year statute of limitations. *See Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 548–51 (Tex. 2016). The high court held that "liens securing constitutionally noncompliant home-equity loans remain invalid until cured and thus not subject to any statute of limitations." *Id.* at 544.

The Bank, now unable to rely on the statute of limitations as a basis for summary judgment on the Morrises' constitutional claims,[3] argues that because the trial court did not specify the reasons for its ruling or mention the statute of limitations in regard to this claim, its ruling may be affirmed on an alternate basis.

 As an initial matter, we disagree that the trial court did not specify the reasons for its ruling. As is apparent from the trial court's judgment, the court first held generally that the Morrises could not sustain any cause of action "based upon allegations that (1) Defendant violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in Plaintiff's Home Equity Note or Deed of Trust; or (3) Defendant lacked standing or authority to foreclose." The court then identified the specific grounds on which it granted summary judgment as to each claim. When a trial court's summary judgment order specifies the ground or grounds upon which it was granted, we generally limit our review to the ground or grounds upon which it was granted. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996) (holding that appellate courts should consider all summary judgment grounds the trial court rules on and the movant preserves for appeal, and may consider other grounds preserved for appeal but not ruled on in the interest of judicial economy).

We also disagree that the trial court was not granting summary judgment on the basis of the statute of limitations when it did not specifically refer to the doctrine. The record demonstrates that the Bank's overarching argument was that the loan documents were merely voidable, not void, and therefore the Morrises' "constitutional claims"—as the Bank named them—were barred by the statute of limitations. In the context of the argument, authorities, and evidence presented on summary judgment, as well as the wording of the trial court's judgment, it is apparent that when the trial court ruled that the Bank was entitled to summary judgment on claims based on "Texas Constitution Article XVI, § 50(a)(6)" the court was following the then-existing case law holding that the statute of limitations was a defense to a homeowner's claims arising out of a constitutionally noncompliant lien. Likewise, when the trial court ruled that the Bank was entitled to summary judgment on claims based on "a defect" in the Morrises' home-equity loan documents, the court was following the then-existing case law hold-

---

**3.** Nothing in the *Wood* or *Garofolo* opinions indicates that the supreme court intended for those decisions to apply only prospectively; therefore, because the applicable law changed during the pendency of this appeal, this court must render its decision in light of the change in law. *See Bowen v. Aetna Cas. & Sur. Co.*, 837 S.W.2d 99, 100 (Tex. 1992) (per curiam); see also *Gatesco Q.M. Ltd. v. City of Houston*, 503 S.W.3d 607, 620 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (reversing no-evidence summary judgment based on supreme court opinion issued after appeal perfected that changed applicable law and did not indicate that it was intended to apply only prospectively).

ing that because such defects were curable, the loan documents were merely voidable, not void, and thus were subject to the statute of limitations.

Turning to the ruling specific to Morrises' claim that "Plaintiffs' Homestead was Protected From Forced Sale Because the Lien Did Not Fall Into Any Category Under Section 50(a)(6) of the Texas Constitution," the trial court granted summary judgment without further specifying a reason. We conclude that it is apparent from the record that the trial court granted summary judgment based on the application of the statute of limitations. This is so not only for the reasons just discussed, but also because the statute of limitations was the only summary judgment ground the Bank asserted as to this claim.

■■■ The Bank nevertheless contends that we may affirm the trial court's ruling on an alternative basis. Specifically, the Bank argues that the *Wood* court also held that no independent cause of action exists under Section 50(a)(6) of the Texas Constitution. *See Wood*, 505 S.W.3d at 551 (explaining that the forfeiture provision of section 50(a) does not create a constitutional cause of action). Therefore, the Bank argues, to the extent a lender fails to comply with section 50(a)(6), a borrower must rely on traditional tort or breach of contract remedies. *See Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 478–79 (Tex. 2016) (explaining that that section 50(a) does not create substantive rights beyond a defense to foreclosure of a lien securing a constitutionally noncompliant loan).

■■■ We do not consider the Bank's alternative ground for affirmance, however, because the Bank did not raise it in its summary judgment motion. "[A] summary judgment cannot be affirmed on grounds not expressly set out in the motion or response." *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993); *Dardas v. Fleming, Hovenkamp & Grayson, P.C.*, 194 S.W.3d 603, 615 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Even though the Bank did not have the benefit *Wood* and *Garofolo*, it could have argued that no independent cause of action exists under Section 50(a)(6) of the Texas Constitution to support the Morrises' "constitutional claims," but it did not. Therefore, we cannot affirm the trial court's summary judgment on this basis. *See Dardas*, 194 S.W.3d at 615–16 (declining to address appellate argument based on recently amended disciplinary rule because, even assuming amended rule applied to contract at issue, law firm did not rely on amended rule or argue a consistent position in its summary judgment motion); *Jones v. Jones*, 888 S.W.2d 858, 859–60 (Tex. App.—Houston [1st Dist.] 1994, order) (holding that even if law changed after summary-judgment proceedings in the trial court, to present issue on appeal, party still must have preserved error in the trial court).

There is no dispute that the underlying loan was a refinance of a home-equity loan and that the loan documents failed to include specific terms and conditions required to comply with the Texas Constitution, Article XVI, section 50(a)(6). The Bank admits, for example, that the deed of trust does not require a judicial foreclosure, but instead permits a non-judicial foreclosure by power of sale. *See* Tex. Const. art. XVI, § 50(a). The Morrises also point out that the loan documents fail to satisfy several other constitutional prerequisites. *See id.* § 50(a)(6)(E); *id.* § 50(a)(6)(M)(i); *id.* § 50(a)(6)(Q)(v), (vi), (viii), (ix). Even after the Morrises notified the Bank of these violations, the Bank never attempted to cure them. Consequently, the Morrises presented evidence that the lien against their homestead re-

mains an invalid home-equity lien. *See Wood*, 505 S.W.3d at 548 ("[L]iens securing noncompliant home-equity loans are not valid before the defect is cured."); *see also Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125, 130 (Tex. 1991) ("A mortgage or lien that is void because it was illegally levied against homestead property can never have any effect, even after the property is no longer impressed with the homestead character.").

Because the *Wood* decision holds that a constitutionally noncompliant home-equity lien remains invalid until it is made compliant and is not subject to any statute of limitations, the trial court erred in granting summary judgment on the Morrises' claim that their homestead was protected from a forced sale. *See Wood*, 505 S.W.3d at 544. We sustain the Morrises' first issue.

## II. Wrongful Foreclosure Without a Court Order

 In their second issue, the Morrises contend that the trial court erred by granting summary judgment on their wrongful foreclosure claims based on the supreme court's holding in *Wood* that constitutionally noncompliant home-equity loans are invalid until cured and are not subject to any statute of limitations. *See id.*

The trial court granted summary judgment in full on the Morrises' claim titled "Violation of the Texas Constitution Article XIV, § 50(a)(D)." The trial court also granted summary judgment in part on the Morrises' wrongful foreclosure claim to the extent the claim was "based upon allegations that (1) [the Bank] violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in [the Morrises'] Home Equity Note or Deed of Trust; or (3) [the Bank] lacked standing or authority to foreclose." Otherwise, summary judgment was

denied as to that wrongful foreclosure claim. The Morrises address these two claims together, so we will do the same.

 In Texas, a home-equity lien may be foreclosed upon only by a court order. *See* Tex. Const. art. XVI, § 50(a)(6)(D); *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 593 (Tex. App.—Dallas 2012, no pet.). The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Collins v. Bayview Loan Servicing, LLC*, 416 S.W.3d 682, 687 n.7 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).

The Bank sought summary judgment as to the Morrises' claim titled "Violation of the Texas Constitution Article XVI, § 50(a)(6)(D)" on the same statute of limitations argument discussed above. Therefore, *Wood* requires that the summary judgment be reversed as to that claim. *See* 505 S.W.3d at 544.

The Morrises added the common law wrongful foreclosure claim in their sixth amended petition. In the supplement to its summary judgment motion, the Bank sought a no-evidence summary judgment as to each element of the claim, and also argued that it was entitled to a traditional summary judgment because the evidence demonstrated that no defect occurred in the foreclosure sale process, the evidence showed that the Property sold for an adequate price as a matter of law, and no defect in the sale directly led to the sales price.

In arguing that the evidence showed that there was no defect in the sale, the Bank specifically asserted that "the only alleged 'defect' Plaintiffs complain of is

compliance with Section 50(a)(6) of the Texas Constitution, but Plaintiffs failed to contest the validity of the lien within the prescribed limitations period." In light of *Wood*, the Bank's admission that its lien permitted the Bank to foreclose on the Property without a court order in violation of the Texas Constitution precludes summary judgment based on the statute of limitations. *See id.*

The Bank acknowledges that the trial court did not grant summary judgment based on a grossly inadequate selling price. The Bank suggests that this court may nevertheless affirm the summary judgment on the Morrises' wrongful foreclosure claim because *Wood* involved an action to quiet title rather than a wrongful foreclosure claim. *See* 505 S.W.3d at 547. We disagree for two reasons. First, the Bank did not argue in its summary judgment motion that the statute of limitations applied only to some types of claims arising from constitutionally noncompliant loans and not others. Therefore, the issue is not preserved for appeal. *See Dardas*, 194 S.W.3d at 615–16; *Jones*, 888 S.W.2d at 859–60.

Second, even if we considered the Bank's conclusory statement that *Wood* is not dispositive because that case involved a suit to quiet title rather than a wrongful foreclosure, we would reject it. The *Wood* court's holding that no statute of limitations applied to cut off a homeowner's quiet title claim was grounded on the Texas Constitution's mandate that "[a] lien that was invalid from origination remains invalid until it is cured." *See Wood*, 505 S.W.3d at 549. Nothing in the court's opinion indicates that its holding is limited to suits to quiet title, and the Bank offers no substantive reasoning to distinguish it. Moreover, the supreme court recently extended *Wood* to a homeowner's request for a declaration that a deed of trust was

invalid. *See Kyle v. Strasburger*, No. 16-0046, 522 S.W.3d 461, 465, 2017 WL 2608344, at *2 (Tex. June 16, 2017) (per curiam) ("In light of *Wood*, the court of appeals erred in holding that the statute of limitations barred Kyle's request for a declaration that the disputed deed of trust is invalid.").

The trial court also granted a partial summary judgment on the common law wrongful foreclosure claim to the extent it was based upon an allegation that the Bank "lacked standing or authority to foreclose." On appeal, the Morrises concede that the Bank has standing, and do not otherwise challenge that holding. We therefore sustain the trial court's judgment as to the Bank's standing.

In summary, to the extent the trial court granted a partial summary judgment on the Morrises' wrongful foreclosure claim on the grounds that the Bank violated Texas Constitution Article XVI, section 50(a)(6) and a defect exists in the Home Equity Note or Deed of Trust, the court erred. Summary judgment is affirmed, however, to the extent the trial court held that the bank has standing. We therefore sustain in part and overrule in part the Morrises' second issue.

## III. Request for Declaratory Judgment

In their third issue, the Morrises argue that the trial court erred by granting summary judgment on their request for declaratory judgment based on the supreme court's holding in *Wood* that constitutionally noncompliant home-equity loans are invalid until cured and are not subject to any statute of limitations. *See* 505 S.W.3d at 544.

In their live pleading, the Morrises sought the following declarations: (1) the foreclosure sale of their home was void and should be rescinded; (2) the Bank has no

authority to force the sale of the Morrises' homestead, given that its lien does not fall into any category under section 50(a) of the Texas Constitution; and (3) the Bank did not have standing to foreclose on the Morrises' homestead. The Morrises have conceded on appeal that the Bank has standing, but maintain that a justiciable controversy exists as to the rights and status of the parties that will be resolved by the declaration sought. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

The Bank moved for summary judgment on the ground that the Morrises' declaratory judgment action was one of the "constitutional claims" barred by the statute of limitations. The Bank also argued that the Morrises' request for declaratory judgment was improper because it was duplicative of their other claims and an improper attempt to recover attorney's fees that were not otherwise available. *See Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594–95 (Tex. App.—Dallas 2012, no pet.) (holding that plaintiff's declaratory judgment action was duplicative of his wrongful foreclosure and breach of contract claims); *see also MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009) ("[I]f repleading a claim as a declaratory judgment could justify a fee award, attorney's fees would be available for all parties in all cases.").

On appeal, the Bank again argues that that we may affirm on alternate grounds because the trial court's judgment did not state the grounds on which it granted summary judgment, an argument we have rejected. The Bank also argues, however, that the Morrises failed to challenge the Bank's assertion that the declaratory judgment action is duplicative, and therefore summary judgment must be affirmed on the unchallenged ground.

█ . If an appellant fails to challenge all possible summary judgment grounds when the basis for the trial court's ruling is not specified, we must affirm on the unchallenged basis. *See PAS, Inc. v. Engel*, 350 S.W.3d 602, 608 (Tex. App. Houston—[14th Dist.] 2011, no pet.); *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 202–03 (Tex. App.—Houston [14th Dist.] 2005, no pet.). But, as we discussed above, in this case the trial court's judgment was based on the erroneous application of the statute of limitations contrary to the holding in *Wood*. On remand, the trial court will have the opportunity to address the substance of the parties' issues, including whether the declaratory judgment action is duplicative. We therefore decline to address the Bank's alternate grounds for affirmance. *See Cates*, 927 S.W.2d at 626.

The trial court specifically held that the Bank was entitled to summary judgment because "no controversy exists as to whether [the Bank] violated Texas Constitution Article XVI, § 50(a)(6)" The trial court's ruling that "no controversy exists" indicates that, consistent with its rulings on the Morrises' other claims, the court was granting summary judgment on the Morrises' request for declaratory relief based on the statute of limitations rather than the Bank's alternative arguments. For the reasons previously discussed, *Wood* requires reversal of the declaratory judgment on this basis. *See* 505 S.W.3d at 548–51; *see also Kyle*, 522 S.W.3d at 464–65, 2017 WL 2608344, at *2. Summary judgment is affirmed, however, to the extent the trial court held that the Bank had standing. We therefore sustain in part and overrule in part the Morrises' third issue.

## IV. Trespass

█ In their fourth issue, the Morrises again contend that the trial court erred in granting summary judgment for the Bank

based on the supreme court's holding in *Wood. See* 505 S.W.3d at 544. They also contend that the evidence shows that the Bank's wrongful foreclosure and eviction constitutes a trespass.

In the trial court, the Bank sought summary judgment on the grounds that there was no evidence to prove the elements of trespass. *See Envntl. Processing Sys., L.C. v. FPL Farming Ltd.,* 457 S.W.3d 414, 419 (Tex. 2015) ("This Court has consistently defined a trespass as encompassing three elements: (1) entry (2) onto the property of another (3) without the property owner's consent or authorization."). The Bank also argued that the evidence demonstrated that it had legal title to the Property and that the Morrises conceded possession of the Property to the Bank.

The trial court granted summary judgment in part on the Morrises' trespass claim to the extent the claim "is based upon allegations that (1) [the Bank] violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in [the Morrises'] Home Equity Note or Deed of Trust; or (3) [the Bank] lacked standing or authority to foreclose." Otherwise, summary judgment was denied as to this claim, indicating that the trial court did not consider the parties' arguments concerning the elements of the claim.

Summary judgment may only be granted on grounds expressly asserted in the summary judgment motion. Tex. R. Civ. P. 166a(c); *G & H Towing Co. v. Magee,* 347 S.W.3d 293, 297 (Tex. 2011). The Bank did not argue that the Morrises' trespass claim was barred by the statute of limitations, and neither party argued standing in the context of this claim. To the extent the trial court granted summary judgment on grounds not raised by the Bank, we reverse the trial court's judgment as to rulings (1), (2), and (3).

It is possible, however, that the trial court understood the Bank's argument to incorporate the Bank's statute of limitations arguments made in response to the Morrises' "constitutional claims" when the Bank argued that "the summary judgment evidence demonstrates Defendant had legal title to the Property." If the trial court understood the Bank's argument to incorporate a statute of limitations argument, rulings (1) and (2) cannot stand in light of *Wood. See* 505 S.W.3d at 544. We therefore sustain the Morrises' fourth issue.

## V. Conversion of Personal Property and Theft

In their fifth issue, the Morrises contend that the trial court erred in granting summary judgment in part on their claim titled "Conversion of Personal Property and Theft." The Morrises argue that the Bank admits that it unlawfully foreclosed on their homestead with a constitutionally noncompliant court order and evicted them from their home. Because title did not pass due to the Bank's wrongful foreclosure, the Morrises assert that the Bank is in wrongful possession of the Property and the personal property remaining inside the home. *See Freezia v. IS Storage Venture, LLC,* 474 S.W.3d 379, 386 (Tex. App.— Houston [14th Dist.] 2015, no pet.) ("Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights.") (citing *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex. 1971)).

The Bank sought summary judgment on the Morrises' conversion and theft claim on the grounds that (1) the Bank obtained lawful title to their home when the Morrises failed to timely sue to invalidate the lien, and (2) the claim failed for a lack of evidence based on Mattie Morris's testimony that she moved out of the house and turned over the keys to the Bank at the

conclusion of the eviction hearing. The Bank specifically argued that the conversion claim was not one of the "constitutional claims" barred by the statute of limitations; however, it also argued that its non-judicial foreclosure became valid upon the expiration of the four-year limitations period, and therefore it properly foreclosed on the Property and evicted the Morrises. Neither party argued standing in the context of this claim.

The trial court granted summary judgment in part on the conversion and theft claim to the extent the claim "is based upon allegations that (1) [the Bank] violated Texas Constitution Article XVI, § 50(a)(6); (2) a defect exists in [the Morrises'] Home Equity Note or Deed of Trust; or (3) [the Bank] lacked standing or authority to foreclose." As above, to the extent the trial court understood the Bank's argument to incorporate a statute of limitations argument, its rulings (1) and (2) must be reversed in light of *Wood. See* 505 S.W.3d at 544. To the extent the trial court granted summary judgment on grounds not raised by the Bank, we reverse all grounds on which the trial court granted summary judgment on this claim. *See* Tex. R. Civ. P. 166a(c); *G & H Towing,* 347 S.W.3d at 297. We therefore sustain the Morrises' fifth issue.

### CONCLUSION

We sustain the Morrises' first, fourth, and fifth issues. As to the Morrises' second and third issues, we sustain these issues in part, but overrule them in part to the extent the Morrises have conceded that the Bank has standing. We therefore affirm in part, reverse in part, and remand the case to the trial court for further proceedings consistent with this opinion.