**SILVER GRYPHON, LLC, Appellant**

v.

**The BANK OF NEW YORK MELLON, f/k/a The Bank of New York, Trustee and American Homes 4 Rent Properties Eight LLC, Appellees**

NO. 14-16-00476-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed August 22, 2017

Charles E. Fitch, Houston, TX, for Appellant.

Travis Gray, Dallas, TX, Kathryn Davis, Connie Flores Jones, Houston, TX, for Appellees.

Panel consists of Justices Boyce, Jamison, and Brown.

## OPINION

Martha Hill Jamison, Justice

In two issues, appellant Silver Gryphon, LLC challenges the trial court's grant of two summary judgment motions in favor of appellees The Bank of New York Mellon F/K/A The Bank of New York, Trustee (Bank of New York) and American Homes 4 Rent Properties Eight LLC (American Homes).[1] Concluding that the trial court's orders granting summary judgment did not finally dispose of every pending claim in this case or state with unmistakable clarity that they constitute a final judgment, we dismiss the appeal for want of jurisdiction.

### *Background*

Silver Gryphon acquired real property that is the subject of this lawsuit at a foreclosure sale resulting from the former homeowners' default in payment of homeowners' association fees. Under the homeowners' association agreement, a lien on the property was created when the homeowners failed to pay the required fees, but the lien was subordinate to any purchase money lien on the property. Such a purchase money lien had been created when the homeowners executed a deed of trust to secure payment of a note to purchase the property. The beneficial interest under

---

**1.** The order granting Bank of New York's summary judgment motion was signed March 10, 2016. The order granting American Homes' summary judgment motion was signed March 29, 2016.

the deed of trust was later acquired by Bank of New York.

After Silver Gryphon purchased the property, Bank of New York initiated foreclosure proceedings resulting from the former homeowners' default under the note. The day before the scheduled foreclosure sale, Silver Gryphon filed suit and obtained a temporary restraining order to stop the sale. However, according to Bank of New York, it did not receive notice of the TRO before the scheduled time for the sale, so the sale occurred. American Homes purchased the property at the sale.

Silver Gryphon amended its petition (First Amended Petition) to add American Homes as a defendant and brought a wrongful foreclosure cause of action against Bank of New York and tortious interference and abuse of process causes of action against both defendants. Bank of New York and American Homes each moved for summary judgment as to all causes of action alleged in the First Amended Petition. While these motions were pending, Silver Gryphon filed another amended petition denominated as the Second Amended Petition. The Second Amended Petition (1) retained the wrongful foreclosure cause of action, renamed as "wrongful foreclosure, declaratory judgment, and removal of cloud of title"; (2) dropped the tortious interference and abuse of process causes of action; and (3) added two new claims, one for fraudulent filing of the substitute trustee's deed designating American Homes as the new owner after the foreclosure sale and a second seeking a determination of whether enforcement of the deed of trust was barred by the applicable statute of limitations.[2] *See* Tex. Civ. Prac. & Rem. Code § 16.035(a) ("A person must bring suit for

the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."). The trial court granted both motions for summary judgment.

### *Discussion*

In two issues, Silver Gryphon complains that the trial court erred "in granting a final summary judgment because the motions for summary judgment did not address all causes of action plead[ed]" and in granting summary judgment because the foreclosure sale was conducted in violation of the TRO. Bank of New York agrees that the trial court's summary judgment did not finally dispose of all pending claims in this case, but argues that as a result, this court does not have jurisdiction over the appeal. American Homes argues that we do have appellate jurisdiction because the claims raised in the Second Amended Petition all relate to wrongful foreclosure. Concluding that we lack jurisdiction over this appeal, we do not address Silver Gryphon's appellate issues other than to agree that the motions for summary judgment did not address all of Silver Gryphon's pending claims.

This court has jurisdiction over this appeal only if the trial court's summary-judgment orders constitute a final judgment because no statute authorizes an interlocutory appeal in this case. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Equip. Performance Mgmt., Inc. v. Baker Hughes, Inc.*, No. 14-15-01000-CV, 2017 WL 1540805, at *2 (Tex. App.—Houston [14th Dist.] Apr. 27, 2017, no pet.) (mem. op.). An order or judgment is not final for purposes of ap-

---

**2.** The Second Amended Petition does not specify whether the new claims are against

Bank of New York, American Homes, or both.

peal when there has not been a conventional trial on the merits unless the order or judgment actually disposes of every pending claim and party or states with unmistakable clarity that it is a final judgment. *Lehmann*, 39 S.W.3d at 205. We determine whether a judicial decree is a final judgment from its language and the record. *Id.* at 195.

Bank of New York and American Homes moved for summary judgment as to Silver Gryphon's claims for wrongful foreclosure, tortious interference, and abuse of process in the First Amended Petition.[3] Silver Gryphon subsequently filed the Second Amended Petition in which it dropped the tortious interference and abuse of process claims and added the claims regarding fraudulent filing and applicability of the statute of limitations. Bank of New York and American Homes did not amend or supplement their summary judgment motions to address fraudulent filing or applicability of the statute of limitations. Moreover, the trial court did not include any language in the orders indicating that its summary judgment resolved all claims between and among the parties or indicating "with unmistakable clarity" that the trial court rendered a final judgment.[4] *See Equip. Performance Mgmt.*, 2017 WL 1540805, at *2.

■ American Homes, without citing any authority, argues that the summary judgment orders nevertheless constitute a final judgment disposing of all pending claims because all of Silver Gryphon's claims relate to the validity of the foreclosure sale. Generally, a party who fails to address claims asserted in an amended petition is not entitled to a final summary judgment on the entire case because such judgment would grant more relief than requested. *Rust v. Tex. Farmers Ins. Co.*, 341 S.W.3d 541, 552 (Tex. App.—El Paso 2011, pet. denied) (citing *Lehmann*, 39 S.W.3d at 200); *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Thus, when an amended pleading raises new theories of liability, summary judgment may not be granted as to those theories without a supplemental, amended, or new motion expressly addressing them. *Rust*, 341 S.W.3d at 552 (citing *FraudTech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 387 (Tex. App.—Fort Worth 2003, pet. denied)).

■ However, an amended, supplemental, or new motion for summary judgment is not always necessary when (1) an amended petition "essentially reiterates" previously pleaded theories of liability; (2) a ground asserted in a motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims; or (3) the original motion is broad enough to encompass the newly asserted claims. *Coterill–Jenkins v. Tex. Med. Ass'n Health Care Liab. Claim Tr.*, 383 S.W.3d 581, 592 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Rust*, 341 S.W.3d at 552. Under these circumstances, summary judgment is a final, appealable order. *In re Brown*, No. 06-16-00057-CV, 2017 WL 1173897, at *3 (Tex. App.—Texarkana Mar. 30, 2017, no pet.) (mem. op.).

Therefore, we must determine whether (1) the Second Amended Petition essentially reiterates previously pleaded theories of

---

3. Even though the wrongful foreclosure claim was not brought against American Homes, American Homes nevertheless moved for summary judgment as to "any wrongful foreclosure claim brought" against it.

4. Indeed, the trial court noted in its docketing statement that the orders were interlocutory as follows: "Order[s] for Interlocutory Summary Judgment Signed."

liability; (2) the summary judgment motions conclusively negate a common element of the previously or newly amended theories of liability; or (3) the summary judgment motions are broad enough to encompass the newly asserted theories. *See Coterill–Jenkins*, 383 S.W.3d at 592. We begin by comparing the First and Second Amended Petitions. We then compare the theories of liability pleaded by Silver Gryphon with the grounds asserted in the motions for summary judgment.

In both petitions, Silver Gryphon alleged the following facts:

- The property was not properly assigned to Bank of New York, and thus Bank of New York lacked authority to foreclose.
- Bank of New York refused to provide information to Silver Gryphon regarding the payoff amount for the note.
- Silver Gryphon did not receive notice of the foreclosure sale.
- The foreclosure sale violated the TRO.
- A substitute trustee's deed was delivered to American Homes in violation of the TRO.

Silver Gryphon also asserted a wrongful foreclosure theory of liability in both petitions on the ground that the foreclosure sale and substitute trustee's deed are void because the TRO was in effect when the sale took place.

In the Second Amended Petition, Silver Gryphon asserted two additional theories of liability:

- The filing of the substitute trustee's deed was fraudulent in violation of Civil Practice and Remedies Code section 12.002 because the foreclosure sale violated the TRO. *See* Tex. Civ. Prac. & Rem. Code § 12.002 (creating liability for fraudulent filing of an interest in real property).
- Enforcement of the deed of trust may be barred by the statute of limitations, which would have made the foreclosure sale untimely. *Id.* § 16.035. Silver Gryphon seeks a judicial determination of this issue.

In its motion for summary judgment, Bank of New York presented evidence to support its argument that it had "the right and authority to foreclose," there was no defect in the foreclosure sale process, and the property was not sold for a "grossly inadequate sales price." [5] However, Bank of New York did not address Silver Gryphon's claim that the foreclosure sale and substitute trustee's deed were void because the TRO was in effect when the sale took place. Standing alone, these circumstances establish that the trial court's summary judgment order on Bank of New York's motion was not a final judgment disposing of every pending claim. That order also does not address all parties because it does not address American Homes.

As to the fraudulent filing claim in the Second Amended Petition, the basis of that claim is that the filing of the substitute trustee's deed was fraudulent because the foreclosure sale was conducted in violation of the TRO. Thus, the fraudulent filing claim has a common element with the claim that the foreclosure sale and the substitute trustee's deed were void—that the foreclosure sale was improper because

---

**5.** The elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Morris v. Deutsche Bank Nat'l Tr. Co.*, No. 14-16-00354-CV, 528 S.W.3d 187, 2017 WL 3045789, at *7 (Tex. App.—Houston [14th Dist.] July 18, 2017, no pet. h.).

of the TRO. But, as discussed above, Bank of New York's motion for summary judgment neither addresses nor conclusively negates this element.

With regard to Silver Gryphon's limitations claim, Bank of New York did not argue or present evidence that the foreclosure was conducted within the applicable limitations period, and thus the motion does not address the theory that if the foreclosure sale was conducted after the expiration of the limitations period, it would have been improper.[6]

In its motion for summary judgment, American Homes also presented evidence that Bank of New York had authority to foreclose, there was no defect in the foreclosure process, and the property did not sell for a grossly inadequate price.[7] American Homes additionally argued that the foreclosure sale and the substitute trustee's deed were not void both because notice of the TRO was not provided prior to the foreclosure sale and the TRO was facially void.[8]

Despite the fact that in its motion American Homes addressed the effect of the TRO on the foreclosure sale, American Homes did not argue or present evidence that the foreclosure sale was conducted within the applicable limitations period. Thus, its motion, similar to Bank of New York's, does not address Silver Gryphon's

theory that the foreclosure sale would have been improper if it was conducted after the limitations period expired.

We conclude that the summary judgment orders do not finally dispose of every pending claim in this case, and thus they are not final and appealable. The Second Amended Petition does not essentially reiterate previously pleaded theories of liability because it adds two new theories based on fraudulent filing of the substitute trustee's deed and the foreclosure sale's being conducted after the limitations period expired. Although the theory alleged in the First Amended Petition that the foreclosure sale is void shares a common element with the fraudulent filing theory alleged in the Second Amended Petition—that the foreclosure was improper due to the TRO—only American Homes, not Bank of New York, addressed that issue in its motion. Additionally, neither motion addresses the limitations theory, and the motions are not broad enough to encompass that theory because they focus specifically on whether Bank of New York had authority to foreclose, there was a defect in the foreclosure sale process, and there was a grossly inadequate selling price. The motions do not address the date the former homeowners defaulted on the note and thus the timeliness of the foreclosure sale.

---

6. The record on appeal does not establish when the former homeowners defaulted on their note and thus when the limitations period began to run. *See* Tex. Civ. Prac. & Rem. Code § 16.035(a) (imposing four-year statute of limitations "after the day the cause of action accrues" for foreclosure of real property).

7. American Homes filed a hybrid traditional and no-evidence motion for summary judgment and also argued there is no evidence either of a defect in the foreclosure process or that the property sold for a grossly inadequate price.

8. In support of its argument, American Homes presented evidence that the notice was not provided before the sale. We reach no conclusion as to whether the summary judgment order in favor of American Homes applies to Bank of New York on the basis that the foreclosure sale was not void, thus negating a common element with the fraudulent filing claim. But we note that a party may not be granted judgment on a cause of action not addressed in a summary-judgment proceeding. *Coterill–Jenkins*, 383 S.W.3d at 592.

## Conclusion

Having concluded that the trial court's orders granting summary judgment did not finally dispose of every pending claim in this case or state with unmistakable clarity that they constitute a final judgment, we dismiss the appeal for want of jurisdiction.