**Affirmed and Memorandum Opinion filed October 26, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00834-CV

### In the Interest of A.J.L. and V.C.L., Children

**On Appeal from the 387th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 09-DCV-171712**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the grant of a no-evidence summary judgment motion in a suit to modify the parent-child relationship. The appellant contends that the no-evidence motion is legally defective and that she presented evidence raising a genuine issue of material fact on the challenged elements of material and substantial change in circumstances and best interest of the child. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father, the parents of two children, were divorced in 2010. The parties signed a mediated settlement agreement (MSA) on June 27, 2013, which made them joint managing conservators of the children and did not require either parent to pay child support. The trial court incorporated the terms of the MSA in an order modifying the parent-child relationship rendered on July 12, 2013 (the 2013 Order). In August 2014, Mother sued Father to modify the 2013 Order. In response, Father filed a counter-petition for modification.

In her live pleading, Mother requested that she be appointed sole managing conservator; alternatively, Mother requested that she be appointed the person having the right to designate the primary residence of the children, as well as the exclusive right to consent to certain medical procedures and care, to make educational decisions, and to receive and disburse child support. Mother also sought to modify Father's access and possession to provide for a standard possession order, and requested that Father be ordered to pay child support. Further, Mother requested that Father be ordered to submit to random alcohol testing and that Father be permanently enjoined from consuming alcohol during periods of access and possession of the children.[1]

In 2016, Father filed a hybrid no-evidence and traditional motion for summary judgment and Mother filed a response. After a hearing, the trial court granted Father's motion for no-evidence summary judgment and dismissed Mother's modification action by order signed September 20, 2016. The trial court's order specifically granted only the no-evidence summary judgment motion and did not

---

[1] The 2013 Order included a provision permanently or enjoining both Mother and Father from consuming alcohol during any period of possession or access to the children. This and other specified conduct was ordered enjoined "because of the conduct of the parties."

2

mention Father's traditional summary judgment motion. Two days later, Father nonsuited his counter-petition. On September 27, 2016, the trial court signed an order granting the nonsuit, making the trial court's order granting Father's motion for no-evidence summary judgment final and appealable.

ISSUES AND ANALYSIS

On appeal, Mother first contends that the trial court erred in granting Father's no-evidence summary judgment motion because the motion is legally defective. Mother also contends that she presented evidence raising a genuine issue of material fact that there was a material and substantial change in the circumstances of Father and the children, and that her proposed changes were in the best interest of the children.[2] We address each in turn.

## I.     The No-Evidence Summary Judgment Motion is Legally Sufficient

In her first issue, Mother contends that Father's no-evidence summary judgment motion is legally defective because it does not strictly comply with Rule 166a(i) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 166a(i). Rule 166a(i) requires that a no-evidence motion specifically state the element or elements for which there is no evidence. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing Tex. R. Civ. P. 166a(i)). The motion must be specific in challenging the evidentiary support for an element of a claim or defense; conclusory motions or general no-evidence challenges to an opponent's case are not authorized.

---

[2] Mother also contends that, to the extent this court considers the trial court's order as granting Father's traditional summary judgment motion, the trial court erred because the traditional motion is legally defective, genuine issues of material fact exist as to whether there was a material and substantial change in the status of Father and the children, and res judicata does not apply. Because the trial court expressly granted the no-evidence summary judgment motion only, we decline to consider Mother's alternative arguments. *See Morris v. Deutsche Bank Nat'l Trust Co.*, ___ S.W.3d ___, 2017 WL 3045789, at *5 (Tex. App.—Houston [14th Dist.] July 18, 2017, no pet.) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996)).

*Id.* The underlying purpose of the requirement is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment. *Id.* at 311.

Mother argues that Father's no-evidence motion is defective in four different and independently fatal ways. Specifically, Mother maintains that the motion: (1) cites to a nonexistent section of the Family Code; (2) references an incorrect time period in which Mother was required to show a material and substantial change in circumstances; (3) fails to identify which of the specific "requested changes" Mother requested as being in the child's best interest were challenged; and (4) fails to specify which child is the subject of the motion.

A trial court with continuing, exclusive jurisdiction may modify an order regarding conservatorship or the possession of and access to a child. Tex. Fam. Code § 156.001. A court may modify such an order if the evidence shows: (1) a material and substantial change in the circumstances of the child, a conservator, or other party affected by the order; and (2) that the change would be in the child's best interest. *See id.* § 156.101(a)(1). And, if the parties have agreed to an order under which the amount of child support differs from the amount that would be awarded in accordance with the child support guidelines, the court may modify the order "if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition." *See id.* § 156.401(a-1).

Mother cites the following paragraph of the no-evidence motion to support her complaints that the motion is legally insufficient:

> After adequate time for discovery, [Mother] has absolutely no evidence raising a genuine issue of material fact that there has been a material or substantial change of circumstances as contemplated by Texas Family Code sections 156.101(1) and 156.401(a-1) since this

4

court's rendition of the 2013 Order. Without proving these elements by a preponderance of the evidence, her claims for modification must fail. As such, this Court should grant summary judgment and finally dispose of all claims by [Mother].

Mother's first complaint is that because Father omits the "(a)" in section 156.101(a)(1), his citation to a "non-existent" section of the Family Code fails to comply with Rule 166a(i)'s strict requirement to specify the elements as to which he alleges there is no evidence. In context, however, the basis of Father's no-evidence motion is clear. Father's motion begins with an introductory section in which the relevant text of sections 156.101 and 156.401 are set out in full, including all of sections 156.101(a)(1) and 156.401(a-1). The next section is clearly identified as the no-evidence portion of the motion and sets out the challenged elements in separate paragraphs. The paragraph challenging the element of a material and substantial change in circumstances, cited above, expressly incorporates the applicable statutory language. Mother cites no case in which a court has held that an obvious typographical error in a no-evidence motion that otherwise adequately informs the nonmovant of the challenged elements renders the motion legally insufficient, and we are aware of none. We therefore reject Mother's first complaint.

Next, Mother complains that the no-evidence motion is legally insufficient because Father references an incorrect time frame. In the motion, Father asserts that Mother has no evidence of a material and substantial change since the trial court's rendition of the 2013 Order. Mother argues that because the 2013 Order was based on a mediated settlement agreement, section 156.101(a)(1) and section 156.401(a-1) require evidence of a material and substantial change "since **the earlier of** . . . the date of the rendition of the order . . . or the date of the signing of a mediated . . . settlement agreement on which the order is based." *See* Tex. Fam. Code § 156.101(a)(1) (emphasis added); *see also id.* § 156.401(a)(1). Because

5

Father moved for summary judgment based on the lack of evidence of a material or substantial change since rendition of the 2013 Order—instead of the date of the MSA that formed the basis of the 2013 Order—Mother argues that Father failed to move for no-evidence summary judgment on "one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." *See* Tex. R. Civ. P. 166a(i).

As an initial matter, Mother's complaint as to Father's challenge to Mother's request for modification of support is misplaced, because Father challenged Mother's evidence under section 156.401(a-1), which does not contain the same language as section 156.401(a). *See* Tex. Fam. Code § 156.401(a-1) (providing that court may modify support order "only if the circumstances of the child or a person affected by the order have materially and substantially changed *since the date of the order's rendition*" (emphasis added)). As to Mother's section 156.101 complaint, we conclude that although the challenged element should have more accurately reflected the statute, we decline to hold that Father's no-evidence motion was legally insufficient on this ground. We again note that Father set out the full text of section 156.101(a)(1) and incorporated the text into the challenged element by asserting that Mother had no evidence of a material or substantial change of circumstances "as contemplated by Texas Family Code section[] 156.101(1)" since the date of the 2013 Order.

Finally, Mother complains that Father does not identify which of Mother's requested modifications pertaining to the best interest of the child were being challenged and does not identify which of the two children are the subject of the challenge. But, specific factual theories or allegations within a claim are not elements of the claim and are not required to be asserted. *See Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied) ("A no-

6

evidence motion for summary judgment may be directed at specific factual theories or allegations within a claim or defense *only* if the challenge to the factual allegation is connected to a no-evidence challenge to a specified element of a claim or defense.") (emphasis in original).

Relevant here, the grounds for modification of an order establishing conservatorship or possession and access require the petitioner to show that: (1) modification would be in the best interest of the child; and (2) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date the MSA was signed or the date the modification order was rendered. *See* Tex. Fam. Code §§ 156.101(a)(1), 156.401(a-1). Father specifically challenged both elements; that is all he was required to do. We overrule Mother's first issue.

## II.  The Trial Court Did Not Err in Granting Father's No-Evidence Summary Judgment Motion

In her second issue, Mother contends that the trial court erred in granting Father's no-evidence summary judgment motion because the record evidence raises a genuine issue of material fact as to whether there was a material and substantial change in the status of Father and the children since the signing of the MSA on which the 2013 Order is based, and whether the proposed changes were in the best interest of the children. Father argues that Mother has failed to present evidence sufficient to show a material change in circumstances or that the modification would be in the best interests of the children.

Under Rule 166a(i) of the Texas Rules of Civil Procedure, a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Sudan v. Sudan*, 199 S.W.3d

291, 292 (Tex. 2006) (per curiam). To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to the challenged elements. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). The nonmovant is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i) cmt—1997. A genuine issue of material fact exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Parker*, 514 S.W.3d at 220.

In response to Father's no-evidence motion, Mother filed a response to Father's summary judgment motion with the following attached exhibits, totaling 114 pages: Father's first amended counter-petition, Mothers' supplemental interrogatory answers, Father's responses to Mother's disclosure request, two affidavits of Mother's attorney, and Mother's affidavit with five attached exhibits. After reciting the law generally applicable to no-evidence summary judgment motions, the entirety of Mother's substantive response to Father's no-evidence summary judgment was one paragraph:

> Petitioner claims a genuine issue of material fact exists as to whether a material and substantial change in circumstances has occurred and submits affidavits, discovery, documentary evidence and Petitioner's pleadings, as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein.

Mother did not cite, quote, or otherwise point out to the trial court the evidence she relied on to create a fact issue on the challenged elements, in any portion of her response. Nor did she make any argument or cite to any legal authority in support of her position.

When a nonmovant presents summary judgment evidence in response to a no-

8

evidence motion, that party must specifically identify the supporting proof it seeks to have considered by the trial court. *Moon Sun Kang v. Derrick*, Nos. 14-13-00086-CV, 14-13-0088-CV, 2014 WL 2048424, at *7 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.); *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at *4 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.). Further, general citation to voluminous records is not a proper response to a no-evidence motion for summary judgment. *Moon Sun Kang*, 2014 WL 2048424, at *7; *Burns*, 2006 WL 461518, at *4. Nor is the trial court required to search the record for evidence raising a material fact issue without more specific guidance from the nonmovant. *Moon Sun Kang*, 2014 WL 2048424, at *7. "A trial court does not abuse its discretion when it does not consider summary judgment proof to which a movant does not specifically direct the trial court's attention." *Burns*, 2006 WL 461518, at *4.

Accordingly, the trial court would not have erred by granting Father's no-evidence summary judgment motion. *See Moon Sun Kang*, 2014 WL 2048424, at *8 (affirming grant of no-evidence summary judgment when nonmovants' responses contained only general citations to incorporated affidavits and exhibits and failed to cite to specific evidence); *Burns*, 2006 WL 461518, at *3–4 (affirming grant of no-evidence summary judgment when response merely incorporated materials by reference without citing to any authority or specific evidence); *see also Levine v. Unique Beverage Co.*, No. 05-11-01467-CV, 2013 WL 1281896, at *3 (Tex. App.—Dallas Mar. 19, 2013, pet. denied) (mem. op.) (holding that trial court was not required to search through ninety-eight pages of evidence attached to plaintiff's response to locate summary judgment evidence raising genuine issue of material fact without more specific guidance from plaintiff); *Stephens v. Precision Drilling Oilfield Servs. Corp.*, No. 01-11-00326-CV, 2013 WL 1928797, at *6 (Tex. App.—

9

Houston [1st Dist.] May 9, 2013, no pet.) (mem. op.) (holding that nonmovant's general reference to materials incorporated by reference in summary judgment response was ineffective to point out any particular evidence for the purpose of responding to movant's no-evidence summary judgment motion); *Norris v. Tenet Houston Health Sys.*, No. 14-04-01029-CV, 2006 WL 1459958, at *9–10 (Tex. App.—Houston [14th Dist.] May 30, 2006, no pet.) (mem. op.) (holding that trial court did not err in granting no-evidence summary judgment when nonmovant globally stated facts, attached approximately a hundred pages of evidence, and did not explain how the evidence supported any of the challenged elements of her causes of action).

We conclude that on this record, Mother has failed to carry her burden to present evidence raising a genuine issue of material fact that there has been a material and substantial change in the circumstances of a child, a conservator, or other party affected by the 2013 Order, and that modification of the 2013 Order would be in the best interest of the children. Accordingly, we hold that the trial court did not err in granting Father's no-evidence summary judgment.

## CONCLUSION

We overrule Mother's issues and affirm the trial court's judgment.

/s/ Ken Wise
   Justice

Panel consists of Justices Christopher, Brown, and Wise.

10