Libby Anne BRANTLEY et al., Petitioners,

v.

Larry D. ETTER et al., Respondents.

No. C–2729.

Supreme Court of Texas.

July 11, 1984.

Law Offices of O'Neal Munn, Stephen Parten, San Antonio, for petitioners.

William D. Bailey, William B. Chenault, III, Law Offices of James R. Bass, John G. McGarr, Jr., San Antonio, for respondents.

PER CURIAM.

This case involves a suit for specific performance of a contract for sale of real estate brought by one of the buyers, Larry Etter, against the sellers, James and Libby Brantley. Because of the failure of Libby Brantley to comply with discovery orders, the trial court awarded Etter monetary sanctions for attorney's fees, the amount of which to be determined on final hearing. The court also struck Ms. Brantley's pleadings and granted Etter an interlocutory default judgment against her. At the hearing on final judgment, James Brantley failed to appear and was likewise defaulted. The trial court thereupon assessed the monetary sanctions and additionally ordered $500 attorney's fees paid to an interpleader, Stewart Title Company. Libby Brantley appealed, complaining of abuse of discretion as to the imposition of sanctions. She further urged that she was entitled to a jury trial on the amount of attorney's fees awarded. The court of appeals affirmed the judgment of the trial court in respect to imposition of sanctions, but concluded that Ms. Brantley was entitled to a jury trial on the issue of attorney's fees awarded the interpleader, Stewart Title Company, and accordingly reversed that part of the judgment and remanded the cause. 662 S.W.2d 752. Ms. Brantley filed in this court an application for writ of error, which we refuse, no reversible error.

There is, however, language in the opinion of the court of appeals from which it could be inferred that one complaining of the award of attorney's fees as sanctions has the right to a jury trial to determine the amount of such attorney's fees. We do not think it was the intent of the court of appeals to provide for this, but as their opinion is susceptible to such interpretation, we expressly hold that the amount of attorney's fees awarded as sanctions for discovery abuse is solely within the sound discretion of the trial judge, only to be set aside upon a showing of clear abuse of that discretion. Rule 215, Tex.R.Civ.P.