# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00787-CV

**Gilbert & Maxwell, PLLC; Keith Gilbert and William T. Maxwell, Appellants**

**v.**

**Texas Mutual Insurance Company, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. GN200967, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a series of lawsuits filed by appellants Gilbert & Maxwell, PLLC, Keith Gilbert, and William T. Maxwell (collectively, "Gilbert & Maxwell") against various workers compensation carriers, including appellee Texas Mutual Insurance Company, on behalf of their client, First Rio Valley Medical clinic. *See Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 427-28 (Tex. App.—Austin 2004, pet. denied). Gilbert & Maxwell filed more than 700 suits against the carriers on behalf of First Rio, seeking payment on medical bills partially paid or denied by the carriers. *Id*. at 429. Gilbert & Maxwell also filed the underlying suit in Travis County on behalf of First Rio, seeking declaratory relief related to the disputed bills. *Id.* The defendants, including Texas Mutual, counterclaimed for declaratory relief and an anti-suit injunction, and the trial court rendered judgment in favor of the defendants, enjoined First Rio from filing further or prosecuting the existing suits, awarded attorney's fees in favor of the defendants, and

imposed sanctions against Gilbert & Maxwell. *Id.* at 426-27. The sanctions were imposed in two orders—the first assessed $13,000 in attorney's fees in favor of Texas Mutual and the second sua sponte imposed $3,200 in sanctions when Gilbert & Maxwell failed to appear at a hearing. *Id.* at 427. The $13,000 award was based on discovery abuses and six other grounds. *Id.* at 446-47. Gilbert & Maxwell and First Rio appealed, and this Court largely affirmed, including holding that five of the seven grounds for sanctions against Gilbert & Maxwell were supported by sufficient evidence. *Id.* at 450-51. However, we held that two of the grounds—discovery abuse sanctions and sanctions related to the signing of certain affidavits—were not supported by the evidence, *id.* at 446, 448, and remanded the matter for recalculation of sanctions. *Id.* at 451.

On remand, the trial court held a hearing, concluded that it was limited to the evidence presented on its original consideration of Texas Mutual's motion for sanctions, and reduced the award to $12,900. In its order, the court stated:

> The Court makes this award in the exercise of [its] inherent power over attorneys appearing before it, and in light of the harm to Texas Mutual from the five categories of sanctionable conduct affirmed by the appellate court, the attorneys' fees incurred by Texas Mutual because of the sanctionable conduct, the need to punish Gilbert & Maxwell for its wrongful conduct, and the need to deter Gilbert & Maxwell from repeating such conduct. The Court has weighed these factors without consideration of the two grounds on which the appellate court found sanctions were not proper.

Gilbert & Maxwell appeals that order, complaining in four issues that the trial court abused its discretion in assessing sanctions pursuant to its "inherent power over attorneys appearing before it" and because the new order is not supported by the evidence. We affirm.

2

In its first issue, Gilbert & Maxwell contends that the trial court's recalculation order "clarified" that it was imposing sanctions solely pursuant to its inherent authority over attorneys who appear before it and that to do so was an improper expansion of the court's inherent authority. It asserts, in other words, that a trial court has inherent authority related to its core functions but not over attorneys before it, although Gilbert & Maxwell acknowledges that a trial court has contempt power over attorneys before it. In its second issue, Gilbert & Maxwell complains that the sanctions order is erroneous on its face because it did not provide specific conclusions or apportion the sanctions between the specific instances of bad conduct or to the firm or a particular attorney. In its third issue, Gilbert & Maxwell argues that the trial court abused its discretion in its recalculation because the improper conduct did not affect the trial court's core functions and was "beyond the trial court's inherent authority over attorneys who appear before it." In its fourth and final issue, Gilbert & Maxwell asserts that the recalculated sanctions are not supported by the evidence.

We first turn to Gilbert & Maxwell's arguments related to the authority under which the trial court assessed the recalculated sanctions. Gilbert & Maxwell argues that the trial court "clarified on remand that the sole basis for the award of sanctions (not overturned by the appellate court) was the trial court's 'inherent authority over attorneys appearing before it,'" "that none of the remaining grounds for sanctions previously awarded by the trial court were pursuant to its inherent authority regarding core functions," and that the other factors referenced by the trial court—harm suffered and attorney's fees incurred by Texas Mutual as a result of Gilbert & Maxwell's misconduct and the need to punish Gilbert & Maxwell for its misconduct and deter it from similar conduct in the future—"do not provide a valid basis to expand the trial court's inherent authority."

3

Gilbert & Maxwell further asserts that the trial court's order clarified that "rule 13 sanctions were not a basis [for] the award of sanctions on the remaining five grounds" and "that it did not award sanctions under its inherent power in order to exercise its jurisdiction, in the administration of justice or in the preservation of its independence and integrity." We disagree.

The grounds for sanctions found by the trial court and affirmed by this Court were that Gilbert & Maxwell improperly obtained an ex parte temporary restraining order that was a bad-faith abuse of the judicial process; "designed and carried out a vexatious litigation campaign"; made false statements of material fact to the trial court; filed a groundless motion to disqualify for purposes of delay or harassment, in violation of rule 13 of the rules of civil procedure, *see* Tex. R. Civ. P. 13 (signing of document certifies that attorney has read document and believes it is not groundless, brought in bad faith, or for purposes of harassment); and filed a "patently frivolous" petition for writ of mandamus. *Howell*, 143 S.W.3d at 447. The trial court stated in its original order that the sanctionable conduct, including the five grounds noted above, "included multiple abuses of the judicial process itself and of the traditional core functions of Texas courts." The court found that Texas Mutual had incurred $13,000 in attorney's fees as a direct result of the bad acts, including the two that were invalidated by this Court, and also that $13,000 was necessary to deter Gilbert & Maxwell from similar bad conduct in the future and was appropriate under the court's inherent authority necessary to perform its core functions, rule 13, and rule 215.2, which applies only to the invalidated allegations of discovery abuse.

The new order states that sanctions were awarded based solely on the five grounds affirmed in *Howell* and in light of the trial court's inherent power over attorneys appearing before

4

it. The order also states that sanctions were intended to punish Gilbert & Maxwell and to deter them from such conduct in the future. The new sanctions order neither limited the grounds for assessing sanctions nor expanded the inherent power of the court. Instead, the new order simply recalculated the amount of sanctions for Gilbert & Maxwell's misconduct in light of the fact that we struck as grounds for sanctions two of the seven instances of misconduct. Our instruction to recalculate the amount of the sanctions to be awarded did not negate or change the five remaining bases set out in the original order or the authority under which the sanctions were imposed. Those five grounds were reviewed and affirmed in *Howell*. Thus, the original order provided the grounds for the sanctions—explaining the instances of misconduct being sanctioned—and explained the authorities on which the court properly relied to impose the sanctions. The new order served only to recalculate the monetary amount of the sanctions award.

As stated by the supreme court, "Rule 13 sanctions serve both deterrent and compensatory purposes. Courts impose sanctions against parties filing frivolous claims to deter similar conduct in the future and to compensate the aggrieved party by reimbursing the costs incurred in responding to baseless pleadings." *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596-97 (Tex. 1996). Thus, the trial court had the authority under rule 13 to sanction Gilbert & Maxwell for its bad-faith conduct related to the filing of groundless documents, and its omission from the new order of a reference to rule 13 did not negate the original findings and conclusions made under that rule.

Further, even if the new order did somehow limit the sanctions imposed to being assessed pursuant to the trial court's inherent powers, the court's use of the phrase "authority over

attorneys appearing before it" neither improperly expanded the court's sanction powers nor barred the imposition of sanctions to the misconduct in question. At most, the phrase refers to a subcategory of the trial court's authority to manage its judicial functioning, ensure the administration of justice, and preserve its independence and integrity.[1] *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) ("Courts possess inherent power to discipline an attorney's behavior."); *Howell*, 143 S.W.3d at 446-47. "Even in the absence of an applicable rule or statute, a court has the inherent authority to sanction parties for bad-faith abuses if it finds that to do so will 'aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity.'" *Howell*, 143 S.W.3d at 446 (quoting *Bennett*, 960 S.W.2d at 40) (discussing courts' general inherent power). We overrule Gilbert & Maxwell's first issue.

Gilbert & Maxwell also argues that the misconduct being sanctioned "was not subject nor directed at the trial court's core functions or was beyond the trial court's inherent authority over attorneys who appear before it." Again, we disagree.

The trial court found that Gilbert & Maxwell filed a frivolous petition for extraordinary relief, designed and conducted a "vexatious litigation campaign," improperly and in bad faith obtained an ex parte TRO, made false statements of material fact to the court, and filed a groundless motion to disqualify in bad faith and for the purposes of harassment or delay. The court

---

[1] Gilbert & Maxwell asserts that its misconduct "[c]onceivably" could have been sanctioned under rule 13 and *only* rule 13, not pursuant to the trial court's inherent authority. *See* Tex. R. Civ. P. 13 (allowing sanctions against attorneys who file groundless or bad-faith documents). However, Gilbert & Maxwell provides no authority for the proposition that its filing of groundless or bad-faith documents, misstating material facts, and conducting a campaign of vexatious litigation is punishable solely under rule 13, may not be punished pursuant to the trial court's inherent authority, and does not strike at the court's core functions. *See* Tex. R. App. P. 38.1(h).

found that Gilbert & Maxwell's misconduct supported sanctions pursuant to the trial court's inherent authority to control the attorneys who appear before it. As a whole, the misconduct amounted to an abuse of the judicial process and interfered with the court's administration of justice, its dignity and integrity, and its exercise of its traditional core functions.[2] *See Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex. App.—Austin 2002, pet. denied) (court cannot invoke inherent sanction authority without evidence and findings that bad conduct "significantly interfered with the court's legitimate exercise of one of its traditional core functions"); *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("inherent power to sanction exists only to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as the significant interference with core judicial functions of Texas courts"); *Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex. App.—Corpus Christi 1992, no writ) (citing *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239-40 (Tex. Crim. App. 1990)) (court's core functions are "hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, entering final judgment and enforcing that judgment"); *see also Howell*, 143 S.W.3d at 447 (citing *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979)) (holding that inherent power allowed sanctions for obtaining improper TRO). We overrule Gilbert & Maxwell's third issue.

Gilbert & Maxwell complains in its second issue that the order is erroneous on its face because it does not apportion the sanctions award between the individual attorneys and the law

---

[2] Gilbert & Maxwell notes that the petition for mandamus was filed in this Court, not in the trial court, and argues that it therefore did not affect the trial court's core functions. However, because it was "patently frivolous" and "served only to escalate Texas Mutual's costs," the filing of that document in this Court did affect the trial court and its functioning.

firm or attribute specific sums to specific instances of sanctionable conduct. This, it argues, makes "an adequate determination by appellate review impossible and meaningless."

Gilbert & Maxwell did not request findings and conclusions or raise any objections to the form of the trial court's order. Therefore, any complaints about a lack of specificity or findings is waived. *See Robson v. Gilbreath*, No. 03-06-00364-CV, 2008 Tex. App. LEXIS 5820, at *10 (Tex. App.—Austin Aug. 1, 2008, no pet. h.) (op. on reh'g); *Land v. AT & S Transp., Inc.*, 947 S.W.2d 665, 667 (Tex. App.—Austin 1997, no writ). Further, Gilbert & Maxwell has not pointed to any authority holding that a sanctions award must be apportioned among the sanctionable acts or to the law firm and its partners, rather than jointly and severally against all three appellants. In the original order largely affirmed in *Howell*, the trial court made specific findings and conclusions about the sanctionable behavior giving rise to the award. We instructed the trial court only to recalculate the amount of sanctions to be assessed and did not instruct the court that it had to make new findings or conclusions related to the sanctionable conduct. The trial court did just that, limiting its recalculation to the evidence presented at the original sanctions hearing and referring to its original, affirmed findings and conclusions in its new order. It was not required to set out further findings, especially in the absence of any such request by Gilbert & Maxwell, and the order was not required to specifically state what sum was assessed for each bad act. We overrule Gilbert & Maxwell's second issue.

Finally, we turn to Gilbert & Maxwell's fourth issue, in which it complains that the evidence is insufficient to support the recalculated sanctions award.[3] Gilbert & Maxwell further

---

[3]  Much of this fourth issue refers again to Gilbert & Maxwell's arguments that the misconduct could not be punished pursuant to the trial court's inherent authority and did not strike at the trial court's core functions. We have resolved those arguments against Gilbert & Maxwell.

8

contends that Texas Mutual's attorney testified in the original sanctions hearing that Texas Mutual had accrued only $12,982 in attorney's fees due to Gilbert & Maxwell's misconduct, including the grounds later reversed on appeal.

In considering the propriety of a trial court's sanctions award, we look to see whether there is a "direct relationship" between the misconduct and the sanctions, meaning that the sanctions are directed at the abuse and at alleviating the harm to the innocent party. *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (discovery sanctions). Sanctions may also be imposed to secure compliance with the rules or court orders, deter future violations, and punish violators. *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986) (discovery sanctions). If the sanctions meet one of those requirements, we next look to whether they were excessive. *Transamerican Natural Gas Corp.*, 811 S.W.2d at 917.

Here, the trial court imposed sanctions in the amount of $12,900 in light of the attorney's fees incurred by Texas Mutual due to the sanctionable conduct as well as the need to punish Gilbert & Maxwell for its misconduct and deter it from committing such acts in the future. We cannot say that the sanctions imposed are excessive or an abuse of discretion. The sanctions imposed have a direct relationship to the misconduct at issue—Gilbert & Maxwell's bad-faith abuse of the judicial process overall in an attempt to delay litigation, drive up litigation costs, and harass the opposing parties. Thus, the sanctions were intended not only to reimburse Texas Mutual for the fees and expenses it incurred, but also to punish Gilbert & Maxwell and deter similar acts in the future. The court was not required to match Texas Mutual's incurred attorney's fees dollar-for-dollar. Further, Gilbert & Maxwell has not shown that the $12,900 assessed is excessive. Because the sanction had both punitive and deterrent purposes and in light of the amount of attorney's fees

sought by Texas Mutual and the conduct in question, we cannot say the trial court abused its discretion by awarding $12,900 in sanctions after reconsidering the issue on remand.[4] We therefore overrule Gilbert & Maxwell's fourth and final issue.

Having overruled Gilbert & Maxwell's issues, we affirm the trial court's order recalculating the amount of sanctions assessed against Gilbert & Maxwell in favor of Texas Mutual.

_____

David Puryear,  Justice

Before Chief Justice Law, Justices Patterson and Puryear;
    Concurring opinion by Justice Patterson

Affirmed

Filed:  December 19, 2008

---

[4] Some of our sister courts have held that "proof of attorney's fees expended or the reasonableness thereof is not required when such fees are assessed as sanctions." *Allied Assocs., Inc. v. INA County Mut. Ins. Cos.*, 803 S.W.2d 799, 799 (Tex. App.—Houston [14th Dist.] 1991, no writ) (citing *Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex. 1984)); *see also Stites v. Gillum*, 872 S.W.2d 786, 797 (Tex. App.—Fort Worth 1994, writ denied) (following *Allied Assoc.*); *Glass v. Glass*, 826 S.W.2d 683, 688-89 (Tex. App.—Texarkana 1992, writ denied) (same).