**Affirmed in Part as Modified, Reversed and Remanded in Part, and Memorandum Opinion filed April 6, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00089-CV

---

### JOE ALFRED IZEN, JUNIOR, Appellant

### V.

### MOVE-IT SELF STORAGE, LP, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1141892-101**

---

## MEMORANDUM OPINION

Appellant Joe Alfred Izen, Junior appeals the trial court's judgment in favor of appellee Move-It Self Storage, LP, raising eight issues. We affirm in part as modified and reverse and remand in part.

## BACKGROUND

Appellant filed suit against Move-It[1] for "selling his property illegally at 'a storage lien auction sale.'" In the amended petition, appellant alleges that two individuals, Ruhije and Phillip Head, rented a storage unit from Move-It and placed appellant's personal property into the storage unit. Appellant alleges that he did not know, authorize, or consent to his personal property being placed into the storage unit.[2] Thereafter the Heads defaulted on their rental agreement with Move-It. The Heads told appellant that his property was in the storage unit and that they had defaulted on payment. Appellant contacted Move-It by phone and made a payment to cure the default on the storage unit.

Appellant alleges that a few months later he went to Move-It's facility and spoke with a manager. Appellant informed the manager that the Heads had placed appellant's personal property inside the storage unit without his permission or consent and that he wanted to reclaim his personal property. The manager would not allow appellant access to the storage unit and indicated that Move-It intended to sell the property within the unit at a public auction unless the most recent default was cured. Appellant paid the default amount as indicated by the manager. Appellant alleges that the manager agreed to send any further notices of default or sale to appellant. Two months later, Move-It sold the contents of the storage unit at an online auction. Appellant alleges that Move-It never sent the notice of sale to appellant.

---

[1] Appellant filed suit against Move-It and three individuals. The three individuals are not parties to this appeal.

[2] The Heads were supposed to move appellant's personal property to another location while they repaired the roof on appellant's property. Instead, they placed the personal property into a storage unit leased from Move-It.

Appellant brought claims against Move-It for violations of the Texas Deceptive Trade Practices Act (DTPA), Texas Fair Debt Collection Practices Act (TDCA), and Texas Theft Liability Act (TTLA), as well as for breach of contract, conversion, and unjust enrichment. Move-It filed a Rule 91a motion to dismiss appellant's claims. The trial court granted Move-It's motion to dismiss in part, dismissing appellant's TDCA and TTLA claims with prejudice. Appellant then filed a motion for partial summary judgment, and Move-It filed a cross-motion for final summary judgment. The trial court granted Move-It's motion for summary judgment in full and denied appellant's motion. Move-It then filed an "application for attorneys' fees related to dismissed TTLA claim and summary judgment." The trial court granted Move-It's application and awarded Move-It attorney's fees in the amount of $7,237.88 for "legal services rendered . . . while defending against the [TTLA] claim" and $13,123.50 for "legal services rendered . . . while responding to [appellant's] Traditional Motion for Summary Judgment." After severing the claims against Move-It, the judgment became final.

## MOTION TO DISMISS

In appellant's sixth issue he contends that the trial court erred in dismissing his claims under the TTLA and TDCA pursuant to Rule 91a. Appellant argues that the facts pleaded established his claims under the TTLA and the TDCA.

### A. General Legal Principles

If a cause of action has no basis in law, a party may move for dismissal under Rule 91a. Tex. R. Civ. P. 91a; *see also In re Farmers Tex. Cnty. Mutual Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a. We review whether a cause of action has any basis in law de novo. *San Jacinto River*

3

*Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021). We accept as true the factual allegations in the pleadings and liberally construe the pleadings in favor of the plaintiff. *HMT Tank Serv. v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 808 (Tex. App.—Houston [14th Dist.] 2018, no pet.). If needed, the trial court may draw reasonable inferences from the factual allegations to determine if the cause of action has any basis in law or fact. *Vasquez v. Legend Nat. Gas, LP*, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied). A court may not consider evidence and must decide the motion "based solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6. "A motion to dismiss . . . must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." Tex. R. Civ. P. 91a.2.

Under the TTLA, a person who commits theft as defined in the Penal Code is liable for the damages resulting from the theft. Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.003(a). Theft is defined in the Penal Code as "unlawfully appropriat[ing] property with intent to deprive the owner of property." Tex. Pen. Code § 31.03(a). Appropriation is unlawful if "it is without the owner's effective consent" or "the property is stolen and the actor appropriates the property knowing it was stolen by another."[3] *Id.* § 31.03(b)(1)–(2). "'Appropriate' means, among other things, 'to acquire or otherwise exercise control over property other than real property.'" *State v. Ford*, 537 S.W.3d 19, 24 (Tex. Crim. App. 2017) (quoting Tex. Pen. Code § 31.03(a)). Appropriation "has been interpreted to mean '*any* exercise of control over the personalty in question.'" *State v. Fuller*, 480 S.W.3d 812, 820 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *McClain v. State*, 687 S.W.2d 350, 353 n.7 (Tex. Crim. App. 1985)). "Appropriation by itself does not establish theft—there must also be an intent to deprive the owner of the property . .

---

[3] The penal code has a further provision defining "unlawful appropriation" that is inapplicable to the facts herein. *See* Tex. Pen. Code § 31.03(b)(3).

. . ." *Ford*, 537 S.W.3d at 24. "Relevant intent to deprive the owner of property is the accused's intent at the time of the taking." *Wilson v. State*, 663 S.W.2d 834, 836–37 (Tex. Crim. App. 1984). Deprive means "to withhold property from the owner permanently or for an extended period of time that a major portion of the value or enjoyment of the property is lost to the owner." Tex. Pen. Code § 31.01.

"The TDCA provides remedies for wrongful debt collection practices used by a debt collector in debt collection." *Burton v. Prince*, 577 S.W.3d 280, 290 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Debt collection is "an action, conduct, or practice in collecting, or in solicitation for collection, consumer debts that are due to or alleged to be due a creditor." Tex. Fin. Code § 392.001(5). A "consumer debt" is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Id.* § 392.001(2). To recover under the TDCA, the plaintiff must also prove that defendant committed a wrongful act against the plaintiff in violation of the TDCA. *See id.* § 392.301. Such wrongful acts include using threats or coercion, harassment or abuse, any unfair or unconscionable means, or making misleading representations. *See id.* § 392.301–.304.

## B. Relevant Background

Appellant alleged that all of Move-It's actions "constitute civil theft" and Move-It should be held liable for civil theft under the TTLA. Regarding his TDCA claim, appellant alleged that Move-It accepted rental payments from appellant and agreed to notify him of any future default. The petition alleges the following facts, and under the standard of review, such facts are taken as true:

- [Appellant] discovered that [the Heads] who had contracted with [appellant] to repair the flat roof at the building [appellant] occupied and was leasing . . . had removed various items of personal property owned by [appellant] . . . and, without

5

[appellant's] knowledge or permission, had taken such items to the premises operated by [Move-It] . . . and placed [appellant's] items, allegedly comingled with some of his own property in a storage unit.

- The storage unit was listed under the name of [the Heads] as tenants and [Move-It] as the lessor.

- [Appellant's] property was removed and stored by the Heads without [appellant's] knowledge and authorization . . . .

- [The Heads] received a notice from [Move-It] of [its] intent to sell all the personal property in the storage unit including [appellant's] property at a public auction based on the Heads' default.

- [Move-It] has produced a Ledger History which states and proved that [Move-It] announced a default by the Heads in the Heads' payment of storage rental under the Heads' lease.

- [Appellant] contacted [Move-It] by telephone and spoke to the on site manager.

- The . . . manager confirmed that an auction had been threatened and was actually going to take place.

- The . . . manager accepted [appellant's] tender of payment for . . . the amount of rental which the . . . manager claimed the Heads owed under their contract with [Move-It].

- [Appellant] placed the . . . manager on notice . . . that [appellant's] property was placed inside the Heads' storage unit without [appellant's] permission and that [appellant] wanted to view and reclaim his property.

- The . . . manager . . . informed [appellant] that [he] could not enter the storage unit . . . or reclaim his property and that [appellant] would have to "deal through" the Heads to get his property.

- The . . . manager represented that if [appellant] would pay the Heads' overdue lease payments and cure the Heads' default . . . that [Move-It] would provide [appellant] with notice of any future auction threatened . . . based on . . . future default . . . .

6

- Relying on these representations, [appellant] agreed to pay the . . . rent owed by the Heads . . . .

- [Appellant] paid [Move-It] . . . to bring the Heads' account . . . current.

- [Just over two months later], . . . without providing any prior notice to [appellant], [Move-It] claims it sold [appellant's] items of personal property . . . at a "storage auction" on or about December 29, 2017.

- [Appellant] received no prior notice of the alleged default or the sale from either the Heads or [Move-It] . . . .

- [Move-It] produced a Ledger History . . . which states that the Heads were mailed a "notice of claim."

- [The] manager confirmed that all of the personal property located in the Heads' storage unit had been sold including [appellant's] personal property.

Appellant further alleged that he never received any notice of default or sale from Move-It and that Move-It instead sold the contents of the storage unit without notice to appellant or allowing him an opportunity to cure the default.

In its motion to dismiss, Move-It argued that appellant's claims under the TDCA and TTLA should be dismissed. Move-It argued that appellant's cursory legal conclusion" that "all of the acts committed by" Move-It "constitute civil theft" is "threadbare, unsupported, and not entitled to assumption of truth." Move-It argued that appellant failed to allege any of the elements to establish liability under the TTLA. Move-It specifically highlighted that appellant had not alleged the presence of intent and existence of intent at the time of the taking.

With regard to the TDCA claim, Move-It argued that appellant omitted any elements of this cause of action and only asserted that Move-It failed to produce a notice of default, notice of sale, or summary of the sale. Move-It further argued

that appellant failed to allege that any debt was ever owed by appellant to Move-It or that Move-It ever engaged in any prohibited practice under the TDCA.

The trial court granted Move-It's motion to dismiss on the TTLA and TDCA grounds and dismissed those claims with prejudice.[4]

## C.   Analysis

Move-It argues that appellant's TTLA claim consists of a single sentence. However, this section of his amended petition incorporates the prior sections containing factual allegations against Move-It, some of which are detailed above. We disagree with Move-It that we are confined to reviewing appellant's pleadings so narrowly. *See HMT Tank Serv.*, 565 S.W.3d at 808. We also disagree that no reasonable person could believe the facts pleaded. *See* Tex. R. Civ. P. 91a.1; *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, *11 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.) ("[A]fter reviewing the second amended petition under rule 91a's factual-plausibility standard, we conclude it is possible a reasonable person could believe the facts alleged.").

With regard to appellant's TTLA claim, from the pleadings quoted above taken as true, we can infer the intent requirement to support the TTLA claim. *See* Tex. Pen. Code § 31.03(a); *Fuller*, 480 S.W.3d at 823 ("Intent is typically proven through circumstantial evidence . . . and may be inferred from [] acts, words, and conduct." (internal citation omitted)). Appellant alleged that his property was being held in the unit without his consent and that such property was later sold at auction by Move-It without notice to appellant. Appellant alleged that Move-It

---

[4] Move-It moved to dismiss under Rule 91a on other claims asserted by appellant. Those grounds were denied by the trial court. Both parties moved for fees on the 91a motion, and the trial court declined to award any fees.

8

had contracted with him to provide notice before any future auction. From those factual allegations it is reasonable to infer that at the time Move-It took possession of the property to sell at auction, having failed to provide notice, Move-It had the intent to permanently deprive appellant of the property. *See Morris v. Deutsche Bank Nat'l Trust Co.*, 528 S.W.3d 187, 201 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (reversing summary judgment on TTLA ground where question regarding wrongful or invalid foreclosure on real and personal property remained). As a result, we conclude the trial court erred in granting Move-It's motion to dismiss on this ground.

Turning to appellant's TDCA claim, there is no allegation of any consumer debt owed. *See* Tex. Fin. Code § 392.001(2). Instead, appellant alleges in his amended petition that Move-It failed to notify appellant "of the Heads' alleged default, and [give appellant] an opportunity to bring the Heads' rental payment current and cure any default." Appellant acknowledges it is the Heads' indebtedness and not his own. While appellant alleged that the storage unit was being used to store items of his own personal property, appellant failed to allege that the indebtedness owed by the Heads was a "consumer debt" as that term is defined. *See Farkas v. Nationstar Mortgage, LLC*, No. 05-19-01024-CV, 2021 WL 2548709, *2 (Tex. App.—Dallas June 22, 2021, no pet.) (mem. op.) ("Although a plaintiff need not be in privity with the defendant to bring an action under the [TDCA], the debt in question must still be a consumer debt."); *see also* Tex. Fin. Code § 392.403(a) ("A *person* may sue for . . . actual damages sustained as a result of a violation of this chapter." (emphasis added)); Tex. Fin. Code § 392.001(5) ("'debt collection' means an action, conduct, or practice in collecting . . . consumer debts that are due or alleged to be due a creditor.").

9

Appellant alleged in the amended petition that the Heads were contracted to perform roof repairs on a property appellant was occupying and leasing. Appellant alleged that the Heads rented the storage unit to move appellant's personal property and store it while they worked on the roof. The storage unit was rented by the Heads, and there is no indication that such transaction was for the Heads' "personal, family, or household purposes." *See* Tex. Fin. Code § 392.001(2). To the extent that appellant alleges that Move-It violated the TDCA by failing to provide notice to him in its attempt to collect on the later default that resulted in the auction, the same argument applies. Appellant did not allege that either he or the Heads' owed a consumer debt to Move-It.[5] We affirm the trial court's dismissal of this claim.

We overrule appellant's sixth issue for his TDCA claim and sustain it for his TTLA claim.

### CROSS-MOTIONS FOR SUMMARY JUDGMENT

In appellant's first issue he argues that the trial court should have granted his motion for summary judgment on his breach of contract and DTPA claims. In appellant's second issue, he contends the trial court should have denied Move-It's summary judgment on his breach of contract and DTPA claims. We review these related issues together.

---

[5] Appellant alleges that because Move-It accepted rental payments from appellant that appellant was a tenant. However, this is not a factual assertion but instead a conclusory recital of the elements of a cause of action. Such recitals are insufficient to support appellant's claim against a motion to dismiss. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("But '[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied))).

## A.     Standard of Review

We review the trial court's decision to grant summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). "On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law." *City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). If the evidence would enable reasonable and fair-minded people to differ in their conclusions, then a genuine issue of material fact exists. *Id.* However, no genuine issue of material fact exists if the evidence is "so weak as to do no more than create a mere surmise or suspicion" of the existence of the fact. *Id.* (quoting *Kia Motor Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

The movant for a traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Parker*, 514 S.W.3d 220. "If the movant meets this burden, 'the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements.'" *Chavez v. Kansas City S. Ry.*, 520 S.W.3d 898, 900 (Tex. 2017) (quoting *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014)). In our review, "we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) (quoting *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017)).

When, as here, the trial court "grants a motion for summary judgment without specifying the grounds on which it relies, we affirm if any of the grounds presented are meritorious." *City of Houston v. Cortez*, 640 S.W.3d 905, 910 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

## B.  Background

Appellant moved for summary judgment on his claims for breach of contract, violations of the DTPA, and the "illegal sale" of appellant's personal property.  Move-It moved for summary judgment on appellant's claims for violations of the DTPA, breach of contract, conversion, and unjust enrichment.[6] The trial court denied appellant's motion and granted Move-It's motion in its entirety without specifying or detailing the reasons therein.

## C.  Breach of Contract

In his summary judgment motion, appellant argued that because Move-It accepted rental payments from appellant, appellant is entitled to summary judgment on the "existence" of the contract between the parties "unless [Move-It] produces evidence supporting its claim . . . that no rental contract existed with" appellant."  Appellant argued that because the evidence shows that Move-It accepted two payments from appellant, those payments are proof of the contract between appellant and Move-It.  Appellant attested that he provided Move-It with his address, email, phone number, and facsimile number and that appellant never received any notice from Move-It.  Appellant contended that damages were an issue to be tried and did not attempt to obtain summary judgment on that element of his claim.  In its combined response and cross-motion for summary judgment, Move-It argued that it did not breach any alleged contract because it provided

_____

[6] Appellant does not appeal the trial court's summary judgment on his conversion or unjust enrichment claims.

notice of default and sale by publication. Attached to its motion was the notice published in the Daily Court Review.

We conclude appellant failed to meet his burden to conclusively establish his breach of contract claim, but that appellant has met his minimal burden to raise a fact issue on Move-It's cross-motion for summary judgment on appellant's breach of contract claim. Appellant attested that he provided Move-It with where to provide notice and Move-It agreed to provide such notice to appellant. Appellant further attested that he never received such notice from Move-It. Making every reasonable inference, as we must, under the facts and circumstances of this case, this is sufficient evidence to raise a genuine issue of material fact. *See Tatum*, 554 S.W.3d at 624.

### D.    DTPA

Appellant also argued that he was entitled to summary judgment on his DTPA claims. Appellant contends that he is a "consumer," that Move-It made a knowing misrepresentation to him, and that misrepresentation caused him damages. Namely, appellant alleged that Move-It promised to notify appellant of any default on the storage unit or any sale. Appellant also asserted that he was entitled to damages under the DTPA through Chapter 59 of the Property Code. *See* Tex. Prop. Code § 59.005 ("A person injured by a violation of this chapter may sue for damages under the Deceptive Trade Practices—Consumer Protection Act."). Appellant contended that Move-It violated Chapter 59 by failing to give him notice of default and sale.

In its cross-motion, Move-It argued that it did not owe appellant any obligations under Chapter 59 because appellant is not a "tenant" as that term is defined, has not alleged or shown that he has exclusive possession of or access to

13

the storage unit, and has not alleged or shown that any "rental agreement" between himself and Move-It exists. *See* Tex. Prop. Code § 59.001.

Appellant did not respond or provide evidence to show that he is a "tenant" as defined in section 59.001, and his summary judgment evidence further established that he could not meet that definition because he did not have exclusive use of the storage space at Move-It's facility. *See id.* § 59.001(4) (defining "tenant" as "a person entitled under a rental agreement to the exclusive use of storage space at a self-service storage facility"). At most, appellant's evidence alleges that he contracted for notice from Move-It, but nothing indicated that such alleged agreement established or modified the terms of use of the self-service storage facility. *See id.* § 59.001(2) ("'Rental agreement' means a written or oral agreement that establishes or modifies the terms of use of a self-service storage facility."). As a result, we conclude that Move-It established its right to summary judgment on appellant's DTPA claims.

## E.    Conversion

Appellant argues that he is entitled to summary judgment on his conversion claim because he provided evidence that he sent a demand letter to Move-It demanding the return of his personal property and Move-It failed to return his personal property. Conversion is defined as "the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Tripp Village Joint Venture v. MBank Lincoln Centre, N.A.*, 774 S.W.2d 746, 750 (Tex. App.—Dallas 1989, writ denied). Therefore, appellant had the burden of proving that Move-It wrongfully exercised dominion and control over appellant's property. *See Bandy v. First State Bank, Overton, Tex.*, 835 S.W.2d 609, 622 (Tex. 1992). A party may have a contractual or statutory lien on the property, making dominion or control over such property authorized. *See id.* (concluding plaintiff

14

failed to prove wrongful exercise of dominion and control and that "the Bank acted properly in exercising its right of setoff against those assets"); *Tex-On Motor Ctr. v. Transouth Fin. Corp.*, No. 14-04-00366-CV, 2006 WL 664161, *5 (Tex. App.— Houston [14th Dist.] Mar. 16, 2006, no pet.) (mem. op.) (concluding that valid lien on property negated conversion claim).

In response Move-It provided the contract between Move-It and the Heads for the storage unit in question and contended that it "fulfilled its obligations to its actual tenant by disallowing access to non-tenants," mailed a notice of claim, notice of the auction, and auctioned off the property under its "lien powers and contractual rights." Move-It argued that it exercised its rights under Chapter 59 of the Texas Property Code, citing section 59.042 (enforcement of contractual landlord's lien). Move-It provided the contract showing that it had a "contractual and statutory lien on all property in Tenant's space to secure payment of all monies due and unpaid by Tenant." *See* Tex. Prop. Code § 59.0021 ("A lessor has a lien on all property in a self-service storage facility for the payment of charges that are due and unpaid by the tenant."); § 59.006 ("A lien under this chapter attaches on the date the tenant places the property at the self-storage facility. The lien takes priority over all other liens on the same property."). Thus, appellant did not conclusively establish his right to summary judgment as a matter of law.

Move-It moved for no-evidence summary judgment on the element of unlawful exercise of control over property. Appellant argued that because he was entitled to notice of any default in payment on the storage unit prior to any sale of the property, Move-It's exercise of control over the property was unlawful. As we have found that there is a fact issue on appellant's breach of contract claim in this regard, we conclude that there is also a fact issue on his conversion claim.

15

## F.    Conclusion

We overrule appellant's first and second issues with regard to his DTPA claim, overrule his first issue with regard to his breach of contract and conversion claims, and sustain his second issue with regard to his breach of contract and conversion claims.

### APPELLANT'S ATTORNEY FEES

In appellant's seventh issue he argues that he is entitled to recover attorney's fees under Rule 91a as a "prevailing party." Appellant argues that the award of fees under Rule 91a is mandatory and not discretionary. In appellant's eighth issue he argues that he should have been awarded attorney's fees for "preparing and presenting" his traditional motion for summary judgment and for prosecuting this appeal.

As this case was filed after the effective date of the amendment to Rule 91a.7, appellant's argument is without merit. The amended Rule 91a.7 changed the mandatory award of attorney's fees to a discretionary award. *See* Tex. R. Civ P. 91a.7 ("[T]he court *may* award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." (emphasis added)).[7]

With respect to appellant's eighth issue, appellant does not cite to any law or statute that would allow for an award of attorney's fees for the preparation and presentation of his motion for partial summary judgment or for the prosecution of this appeal. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 483 (Tex. 2019) ("In Texas, . . . each party generally must pay its own way in

---

[7] Under the former version of Rule 91a.7 a trial court was generally required to award to the prevailing party "all costs and reasonable and necessary attorney fees incurred." *See* Tex. R. Civ. P. 91a.7, 76 Tex. B.J. 222 (2013) (Tex. Sup. Ct. 2013, amended 2019).

attorney's fees. . . . When fee shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees."). Appellant fails to argue how or why the trial court abused its discretion in failing to award him fees under either issue seven or eight. After a review of the record, we cannot conclude that the trial court abused its discretion in denying appellant's request for fees under Rule 91a.7 or for preparing and presenting his motion for summary judgment.

We overrule appellant's issues seven and eight.

MOVE-IT'S ATTORNEY'S FEES

In issues three, four, and five appellant argues that the award of attorney's fees should be reversed. The judgment specifies an amount of fees awarded under the TTLA and an amount awarded as sanctions. The judgment awards attorney's fees on appeal under both the TTLA and as sanctions. We discuss the award made pursuant to the TTLA first and the sanctions amount second.

## A. Attorney's Fees Under the TTLA

Appellant first argues that because Move-It failed to plead for attorney's fees, an award of such fees was an abuse of discretion.

"Texas has long followed the "American Rule" prohibiting fee awards unless specifically provided by contract or statute." *MBM Fin. Corp. v. Woodlands Op. Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). A party seeking attorney's fees must plead for them. *See Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 885 (Tex. App.—Dallas 2009, no pet.) (prayer for general relief like "such other and further relief at law or in equity" does not support an award of attorney's fees).

The TTLA provides that each "person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." Tex. Civ. Prac. & Rem. Code §134.005(b). Despite attorney's fees being mandatory under the TTLA, Move-It still must plead its request for such an award. *See Shaw v. Lemon*, 427 S.W.3d 536, 540 (Tex. App.—Dallas 2014, pet. denied) ("[A] plea for an award of attorney's fees for breach of contract will not support an award of attorney's fees under the [TTLA].");  *Jones v. Frank Kent Motor Co.*, No. 02-14-00216-CV, 2015 WL 4965798, *3 (Tex. App.—Fort Worth Aug. 20, 2015, no pet.) (mem. op.) (citing *Garcia v. Gomez*, 319 S.W.3d 638, 644 (Tex. 2010)).

Move-It pleaded only a general denial with a prayer for general relief. Move-It requested attorney's fees in its response and motion for summary judgment as well as in its later submitted application for fees. Appellant objected to the award of attorney's fees on the ground that the request was not supported by Move-It's pleadings. Move-It did not amend its pleadings to include the request for fees. There are no pleadings in support of an award of attorney's fees under the TTLA. *See Alan Reuber Chevrolet, Inc.*, 287 S.W.3d at 885. As a result, it was an abuse of discretion to award Move-It fees under the TTLA because no pleading supported the award. *See id*.

Further, because we have agreed with appellant that the trial court should not have dismissed appellant's TTLA claim, we must also reverse the award of attorney's fees under the TTLA. *See Brown v. Ogbolu*, 331 S.W.3d 530, 535 (Tex. App.—Dallas 2011, no pet.) (reversing award of attorney's fees based on reversal of damages awarded for breach of contract); *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 432 S.W.3d 381, 398 (Tex. App.—San Antonio 2014, pet. denied) ("Because we reverse the judgment rendered in favor of

[the appellee], we also reverse the award of attorney's fees to enable the trial court to reconsider the fees after the cause is resolved on remand.").

## B.  Attorney's Fees as Sanctions

Appellant also contends the trial court erred in awarding attorney's fees because: (1) they were unsupported by any pleadings or proper summary judgment evidence; (2) the award violates "the American Rule"; (3) the testimony was controverted and "could not support" the attorney fee award; (4) the expert testimony and exhibits should have been stricken; and (5) the appellate fees awarded are "too speculative."  Move-It contends the trial court has broad discretion to award attorney's fees as a sanction and did so in this case. Move-It contends that the trial court was permitted to award sanctions under Chapter 10 of the Civil Practice and Remedies Code, Rule 13 of the Rules of Civil Procedure, or under its inherent authority to do so.[8]  *See In re D.Z.*, 583 S.W.3d 284, 292–93 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

### 1.  General Legal Principles

"We review a trial court's sanctions order for abuse of discretion."  *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020) (inherent authority); *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014) (*Nath I*) (Chapter 10 and Rule 13).  "Various rules and statutes imbue courts with authority to sanction attorneys for professional lapses of one kind or another with or without bad faith."  *Brewer*, 601 S.W.3d at 717–18; *see also* Tex. Civ. Prac. & Rem. Code §§10.001–.006 (trial court permitted to award sanctions for "groundless allegations and other pleadings presented for an improper purpose"); *Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709 (Tex. 2019) (*Nath II*).  Courts

---

[8] Appellant represented himself both in the trial court and on appeal.  Appellant is an attorney licensed in Texas.

also have "inherent powers," including the power to discipline an attorney's behavior. *Brewer*, 601 S.W.3d at 718.

"Before a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is 'no more severe than necessary' to fairly compensate the prevailing party." *Nath*, 576 S.W.3d at 709. As a result, when seeking attorney's fees as sanctions, "the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the sanctionable conduct." *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016). "[A]ll fee-shifting situations require reasonableness." *Nath*, 576 S.W.3d at 710; *see also Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 492 (Tex. 2019).

## 2. Background

In its application for attorney's fees, Move-It requested its fees incurred in responding to appellant's baseless summary judgment motion. Move-It alleged that appellant's traditional motion was, in substance, a no-evidence motion on his affirmative claims. Move-It argued that it warned appellant to withdraw the motion because it was impermissible under the Rules of Civil Procedure. While appellant withdrew his no-evidence motion, Move-It argued that appellant re-filed it changing "no-evidence" labels to "traditional" and copied the first seventeen pages of the no-evidence motion to the "traditional" motion.[9] Move-It's application does not indicate under which rule or statute it seeks fees, but states that the "legal contentions made in [appellant's] motion were not warranted by existing law." On appeal, Move-It argues that the trial court may have properly

---

[9] The first seven pages of the traditional motion are recitations of alleged facts.

awarded the fees under Chapter 10 of the Civil Practice and Remedies Code, Rule 13 of the Rules of Civil Procedure, or the trial court's inherent power. The order awarded Move-It "$13,123.50 for the legal services rendered by Move It's attorneys while responding to Plaintiff's Traditional Motion for Summary Judgment through Move-It's Combined Response and Cross-Motion."

### 3. Analysis

First appellant contends that Move-It failed to plead for attorney's fees and therefore, the award as sanctions was an abuse of discretion.[10] Appellant cites no cases on point with relation to attorney's fees awarded as sanctions and makes no argument for the reasonable extension of such a requirement. However, because the trial court has the inherent authority to impose sanctions and because both Chapter 10 and Rule 13 allow a trial court to impose sanctions on "its own initiative," we find appellant's argument unpersuasive. *See* Tex. Civ. Prac. & Rem. Code § 10.002(b) ("The court on its own initiative may enter an order . . . ."); Tex. R. Civ. P. 13 ("If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative . . . ."). We also disagree with appellant's argument that in every instance the issue of attorney's fees "must be tried on the merits." *See Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex. 1984) (per curiam) (holding party has no right to jury trial on amount of attorney's fees awarded as sanctions); *see also Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 148 (Tex. 2019) (upholding summary judgment because there was no genuine issue of material fact as to the amount of attorney's fees that were reasonable and necessary).

Appellant also argues that he controverted the attorney's fees evidence. However, because the amount of the sanction is left to the discretion of the trial

---

[10] Appellant does not argue a lack of notice or due process.

21

court, absent evidence of clear abuse of that discretion, we will not reverse the trial court's award. *See Brantley*. 677 S.W.2d at 504. Appellant has not argued how the trial court abused its discretion in determining the amount to award, but instead merely repeats his argument that the issue must be tried to a jury.

Appellant next argues the award violates the "American Rule" and was not authorized by statute or law. However, the attorney's fees awarded as sanctions are authorized by statute, rule, and the trial court's inherent authority. Appellant raises no argument that the trial court abused its discretion in awarding the attorney's fees as a sanction or that the evidence does not support the award.[11]

Appellant next contends that because evidence of attorney's fees "was not supported by timely designated expert testimony" the award must be reversed. Appellant contends that Move-It's expert designation was "late" and "violated [] Rule 193.6" of the Rules of Civil Procedure. The crux of appellant's argument is that because Move-It failed to supplement its discovery, including the designation of its expert witness on attorney's fees, more than thirty days prior to the submission of appellant's motion for summary judgment, that the designation was late and automatically excluded under Rule 193.6 of the Rules of Civil Procedure. He contends that for purposes of the application of Rule 193.6 that a summary judgment is a "trial" and, therefore, any discovery supplemented or provided within thirty days of a summary judgment submission must be automatically excluded under Rule 193.6. *See Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (holding the evidentiary exclusion under Rule 193.6 applies equally to trials and summary judgment proceedings); *see*

---

[11] In this section appellant does not specifically state or analyze the attorney's fees awarded as sanctions in his brief. Instead, appellant argues such fees have no "statutory basis" and could not be awarded to Move-It for either breach of contract or unjust enrichment; or under Rule 91a, Chapter 38 of the Civil Practice and Remedies Code, or the DTPA.

*also Nichols v. Bridges*, 163 S.W.3d 776, 782 (Tex. App.—Texarkana 2005, no pet.) ("Summary judgment proceedings have been held to be a trial within the meaning of Rule 63.").

However, appellant misapplies the rule announced in *Gillenwater*. The supreme court did not hold that a summary judgment is a "trial" for the purposes of Rule 193.6, but that Rule 193.6 applies to summary judgment motions. *See Gillenwater*, 285 S.W.3d at 882. *Gillenwater* did not hold that a summary judgment proceeding limited the discovery period, and the commentary to the Rules further bears that out. *See id.*; Tex. R. Civ. P. 190.3, cmt. 8 ("For purposes of defining discovery periods, 'trial' does not include summary judgment."). Appellant cites to no cases applying the exclusionary rule of 193.6 to discovery provided, amended, or supplemented while the discovery period was still open but within thirty days of a summary judgment proceeding. Rule 193.6 does not operate to automatically exclude Move-It's expert designation and billing summaries under these facts.[12]

Finally, appellant contends that the appellate fees awarded were "too speculative." Appellant argues that the "expert testimony was speculative and non-specific as to the details of the legal work on appeal which would have to be performed." Move-It partially concedes the issue, arguing the appellate award should be reformed because the award was not made contingent upon appellant's loss on appeal.

---

[12] Move-It contends that the discovery period was still open under the applicable Rules of Civil Procedure regarding discovery level and time limitations. Reviewing the record and applying the Rules of Procedure in effect at the time of these proceedings, the discovery period had not expired when Move-It served its expert witness designation.

Move-It requested more than $100,000 in appellate fees in its proposed order to the trial court. However, the trial court awarded fees as follows:

$10,000.00 ~~$50,300.00~~ for any appeal to the intermediate courts of appeal;

$7,500.00 ~~$41,150.00~~ for petition to the Supreme Court of Texas;

$7,500.00 ~~$41,150.00~~ for briefing the merits at the Supreme Court of Texas; and

$7,500.00 ~~$47,800.00~~ for oral argument at the Supreme Court of Texas.



Appellant argues generally that Move-It's "expert testimony on appellate fees does not comply with *Rohrmoos* standards" because it is non-specific as to the details of the legal work on appeal that would have to be performed. The supreme court recently clarified that the lodestar analysis does not apply to appellate fees because they are contingent and have not yet been incurred. *See Yowell v. Granite Op. Co.*, 620 S.W.3d 335, 355 (Tex. 2020). However, "a party seeking contingent appellate fees . . . need[s] to provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.* The expert testimony in this case is similar to what was held sufficient in *Yowell*. *See id.* (overruling legal sufficiency challenge to contingent appellate attorney fee award without detailing evidence).

However, we agree that the award should be reformed to be contingent upon the success of the appeal. *See ASEP USA, Inc. v. Cole*, 199 S.W.3d 369, 380 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Ventling v. Johnson*, 466 S.W.3d 143, 156 (Tex. 2015) ("An award of conditional appellate attorney's fees to a party is essentially an award of fees that have not yet been incurred and that the party is not entitled to recover unless and until the appeal is resolved in that party's favor.").

24

Therefore, we modify the judgment as follows:

ORDERS that in the event Plaintiff appeals the dismissal of the TTLA claim, denial of his summary judgment, or grant of Move-It's summary judgment, Move-It is entitled to an award of attorney's fees, conditioned upon Move-It prevailing on appeal, in accordance with the following schedule[.]

## C.    Conclusion

We overrule appellant's issue four, overrule appellant's issue five but modify the judgment, and overrule in part and sustain in part appellant's issue three.

## CONCLUSION

We modify the trial court's judgment for appellate fees as specified above, making such an award conditional upon Move-It prevailing on appeal. We reverse and remand the trial court's dismissal of appellant's Texas Theft Liability Act claim, dismissal of appellant's breach of contract and conversion claim, and the award of attorney's fees to Move-It for defending against the Texas Theft Liability Act claim. We affirm the remainder of the judgment.

/s/     Ken Wise
         Justice

Panel consists of Justices Wise, Poissant, and Wilson.

25